**Robert TURNER, Plaintiff,**

v.

**Melvin J. BURTON, District Director of Internal Revenue for the District of Cleveland, Ohio, Defendant.**

**Civ. No. 37341.**

United States District Court
N. D. Ohio, E. D.

Oct. 2, 1962.

Fred H. Mandel, Cleveland, Ohio, for plaintiff.

Bernard J. Stuplinski and Dominic Cimino, Cleveland, Ohio, for the United States.

## CONNELL, Chief Judge.

This is an action brought by the taxpayer in which he alleges the invalidity of an assessment by the District Director of certain excise wagering tax deficiencies in the amount of $91,805.46 including penalties and interest. Further alleging that the "assessments were unlawful, arbitrary, capricious and wholly void for the reason that the Plaintiff was not engaged in the business of accepting wagers * * *" plaintiff seeks a declaration that the assessments were "wholly nugatory and void" and an injunction against the Director and his agents from making any levy, seizure, collection or distraint.

The matter is presently before us on a motion by the defendant for a dismissal.

Section 7421(a) of the Internal Revenue Code of 1954 specifically bars any "suit for the purpose of restraining the assessment or collection of any tax * * *." Plaintiff refers us to the case of Miller v. Standard Nut Margarine Company, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 517 (1932) in which the Supreme Court specifically held that there was authority in the District Court under traditional equity jurisprudence to restrain the collection of a tax where "a valid * * * tax could by no legal possibility have been assessed" and where, in addition, "extraordinary and exceptional circumstances" exist. Without limiting that case to its peculiar facts, we are inclined to the belief that the opinion rested upon the *legal* impossibility of a valid assessment where the taxing statute could have no application to the product sought to be taxed. It is not necessary to the disposition of the present motion to discuss the "extraordinary and exceptional circumstances" required.

In addition, plaintiff refers us to lower court cases which rely upon Standard Nut including the case of Lassoff v. Gray, 266 F.2d 745 (C.A. 6, 1959), which bears a striking similarity to the case before us. For the reasons which follow, we believe that much of that authority is no longer persuasive in the suit now before us.

In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court attempted to clarify the Standard Nut case without overruling or undermining that decision. In the District Court, Enochs, the District Director, asserted that the Section now under consideration specifically barred any injunctive proceeding. Nevertheless, the District Court, in reliance upon Standard Nut, permanently enjoined the collection of the allegedly past due social security and unemployment taxes, after specifically finding that the relation of employer and employee did not exist and that the tax was illegally and unlawfully levied. 176 F.Supp. 168, at 174 (S.D.Miss.1959). The Court of Appeals for the Fifth Circuit affirmed, 291 F.2d 402, and the Supreme Court granted certiorari, 368 U.S. 937, 82 S.Ct. 379, 7 L.Ed.2d 336 (1961).

The Supreme Court treated the evidence before the District Court, but noticeably refrained from any decision upon whether the evidence supported the factual findings of the District Court. Instead, the Court concluded that Section 7421 was applicable and operated to bar the issuance of any injunction and even the maintenance of any such suit. The question of the adequacy of the legal remedy is not a proper consideration until Section 7421 is found to be inapplicable.

The question of applicability *vel non* is to be determined from a consideration of the purpose of the section.

The manifest purpose of § 7421 (a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. * * *. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely "in the guise of a tax." 284 U.S. 498, at 509, 52 S.Ct. 260 at 263.

We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. (370 U.S. at 7, 82 S.Ct. at 1129).

The Court finally concluded that the Government's claim of liability was not without foundation and, therefore, remanded the case to the District Court with directions to dismiss the complaint.

■■ In the present case, the taxpayer initially denies liability for the assessed taxes on the grounds that he is not in the business of accepting wagers. However, "under the most liberal view of the law and the facts," it seems that the Government could establish its claim. "Liberal" in this context is not to be confused with the rule of liberality toward the taxpayer as an axiom in the construction of tax laws. It can only be analogous to the test invoked in determining the propriety of granting judgment on the pleadings or summary judgment. It cannot be said under a view of the facts and the law liberal to the Government that the Government cannot establish its claim.

■ The taxpayer then claims that the tax was assessed on the basis of information which was the result of an unlawful search and seizure. Certainly, this is not the time to rule on the admissibility of evidence, nor to press the Government to produce enough admissible evidence to prove the possibility of establishing its claim. (Complaint, Para. V).

■■ The taxpayer especially insists upon the inadequacy of the legal remedy. However, this is the precise point of the Williams Packing case. Until there is a determination that Section 7421 is inapplicable, there is to be no consideration of the adequacy of the legal remedy. If the section is applicable, there can be no injunction. If it is not applicable because by no legal possibility could a valid tax be assessed, then the availability of the remedy of injunction depends upon traditional equity principles, such as the adequacy of the legal remedy. We never reach the question here, because we find that Section 7421 is applicable. Invoking the test prescribed by the Supreme Court, on the basis of the information available at the time of the suit, it is possible for the Government to establish its claim. Further, the history of the Williams Packing case indicates that it would be improper for this Court and beyond the jurisdiction of this Court to hear conflicting evidence with a view to the determination of the legality of the tax assessment.

The prayer for declaratory judgment can only arise under Section 2201 of Title 28, which excepts from its scope any controversy with respect to Federal taxes.

The defendant's motion to dismiss the complaint is granted.