**JOHN M. HIRST & CO. v. GENTSCH,**
**No. 9244.**

Circuit Court of Appeals, Sixth Circuit.

Feb. 8, 1943.

William A. Southworth, of Cleveland, Ohio (Squire, Sanders & Dempsey, Edwin H. Chaney, and William A. Southworth, all of Cleveland, Ohio, on the brief), for appellant.

Joseph M. Jones, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, J. L. Monarch, and Fred J. Neuland, all of Washington, D. C., and Don C. Miller and F. B. Kavanagh, both of Cleveland, Ohio, on the brief), for appellees.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

The single question presented upon the appeal relates to the jurisdiction of the court to restrain collection of taxes assessed against the appellant under the Federal Insurance Contributions Act (Internal Revenue Code, Chapt. 9, sub-Chapt. A, § 1400 et seq., approved February 10, 1939, 53 Stat. 175, 26 U.S.C.A. Int.Rev.Code, § 1400 et seq.), and the Federal Unemployment Tax Act (Internal Revenue Code, Chapt. 9, sub-Chapt. C, § 1600 et seq., 53 Stat. 183, 26 U.S.C.A. Int.Rev.Code, § 1600 et seq). The District Court dismissed the bill on the ground that it lacked jurisdiction in view of § 3653 of Title 26 U.S.C.A. Int. Rev.Code, and also upon the ground that the complaint sets forth no facts which, if true, would entitle plaintiff to the relief prayed for.

The amended complaint alleges the plaintiff to be a partnership engaged in the production of bituminous coal in Carroll County, Ohio. Its mine has been operated since 1925 by members of the partnership, and was acquired from a predecessor partnership which previously had acquired it from a corporate owner. It is alleged that the members of the plaintiff's partnership organization receive their compensation only by way of semi-monthly distributions from partnership earnings, and that the taxes which the Collector has sought from it, were assessed wholly with respect to such distributions. It is asserted that the partnership is not subject to such taxes, nor to the penalties which have been added thereto; that the partnership is unable to pay such taxes, penalties, and interest, without liquidation of its property, and that if the Collector, whose duty it is to collect them, proceeds to do so by distraint or levy, the plaintiff will be forced into complete cessation of its mining operations and its business will be ruined. It alleges, therefore, that it has no adequate remedy at law.

■■ Section 3653 of the Internal Revenue Code was formerly § 3224 of the Revised Statutes, and provides: "Except as provided in sections 272(a), 871(a), and 1012 (a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

It has been construed in a long line of cases to withdraw from the courts the power to restrain assessment or collection of taxes where the challenge is to the validity or applicability of the tax. Its restraint is not, however, absolute, and beginning with Dodge v. Brady, 240 U.S. 122, 126, 36 S.Ct. 277, 60 L.Ed. 560, through Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822, and Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 76 L.Ed. 422, an exception to the universality of its application has been recognized in cases which, though apparently within its terms, present extraordinary and entirely exceptional circumstances to make its provisions inapplicable. The latest case to sustain the jurisdiction of the court to take cognizance of a suit for injunction, is Allen, Collector v. Regents of the University, 304 U.S. 439, 448, 58 S.Ct. 980, 82 L. Ed. 1448. It must be observed, however, that the later decisions were not reached without vigorous protest by members of the present court, including the Chief Justice.

The circumstances that are to be considered extraordinary or exceptional have never, of course, been catalogued. In Miller v. Standard Nut Margarine Co., supra, however, the fact that the collection of a tax would prove to be arbitrary and oppressive, destroy the business of the taxpayer, ruin it financially, and inflict loss for which it would have no remedy at law, was held to indicate circumstances so extraordinary and exceptional as to give jurisdictional sanction to an application for injunction restraining the collection of the tax. Recently, under substantially identical circumstances in Midwest Haulers Inc., v. Brady, Acting Collector, 6 Cir., 128 F.2d 496, we reversed a judgment declining jurisdiction of a petition for injunction. We there pointed to the genesis of § 3653 and traced the development of the principle underlying the exceptions to its application. This discussion need not be repeated. The present case requires the application of the same principle as governed that adjudication and must be similarly decided.

■■ The complaint below having been dismissed upon motion, its allegations must be taken as true, and so considered they show that the taxes sought to be collected from the appellant are probably not validly assessed taxes, and if collection is enforced by distraint the appellant will be ruined in its business and forced to close its mine. In that event no remedy provided by the Internal Revenue Law would be adequate

to compensate the appellant for its loss. There is thus presented a case under the authorities, as we read them, for the interposition of a court of equity, and the exercise of its extraordinary equity power.

The District Judge, recognizing, in support of the appellant's petition, the force of the decision in Miller v. Standard Nut Margarine Co., supra, entertained doubt that it may now be followed or applied with judicial assurance, in view of the trend of decision exemplified by Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967, and Southern Ry. Co. v. Painter, 314 U.S. 155, 62 S.Ct. 154, 86 L.Ed. 116. While the Toucey and Painter cases do not deal with § 3653, and are concerned with injunctions to restrain proceedings in state courts, the doubt so expressed poses for us once more a problem recently met in a number of cases. In a time of evolutionary development in constitutional and statutory interpretation, we are urged to base decision upon a foreshadowing of adjudications to come rather than upon clearly applicable precedents. Whatever course others may take, we are content to adhere to the observation made by us in Ammond v. Pennsylvania R. R. Co., 6 Cir., 125 F.2d 747, 751, to which we may add that, until the contrary is demonstrated, we find the rule of stare decisis a safer guide to decision than a reading of the stars.

Judgment reversed and the cause remanded for consideration of the petition.