Benjamin LASSOFF and Irene Lassoff,
Appellants,

v.

William M. GRAY, District Director, Internal Revenue Service, Appellee.

Myron DECKELBAUM and Dorothy
Deckelbaum, Appellants,

v.

William M. GRAY, District Director, Internal Revenue Service, Appellee.

Robert LASSOFF, Appellant,

v.

William M. GRAY, District Director, Internal Revenue Service, Appellee.

Nos. 13758–13760.

United States Court of Appeals
Sixth Circuit.

May 14, 1959.

Daniel W. Davies, Newport, Ky., Davies & Hirschfeld, Newport, Ky., on the brief, for appellants.

Helen Buckley, Washington, D. C., Charles K. Rice, Lee A. Jackson, A. F. Prescott and S. Dee Hanson, Washington, D. C., J. Leonard Walker and Charles M. Allen, Louisville, Ky., on the brief, for appellee.

Before MARTIN, Chief Judge, and BOYD and CHOATE, District Judges.

CHOATE, District Judge.

Three cases are involved in this appeal. Each of the complaints are substantially identical and the several plaintiffs below —appellants here—were each seeking a temporary and permanent injunction against gambling tax assessments and relief from tax liens imposed upon their properties. Upon the Collector's motions the complaints were dismissed and this appeal is from the orders of dismissal.

The plaintiffs below by their several complaints charged that on September 12, 1958, Benjamin Lassoff, Meyer Deckelbaum and Robert Lassoff each were assessed in the amount of $100,259.94 for the month of March 1956 and $110,004.52 for the period April 1st to April 19th, 1956, or a total assessment of $300,264.-46 for excise wagering taxes, penalties and statutory interest claimed to be due under Section 4401 et seq. Internal Revenue Code of 1954, 26 U.S.C.A. § 4401 et seq. Plaintiffs alleged that these assessments were unlawful, arbitrary, capricious and wholly void, for the reason that plaintiffs were not engaged in the business of accepting wagers on sports events or contests and that they did not conduct a wagering pool or lottery, and further alleged that they did not hold a special occupational stamp to engage in such business, and for those reasons were not liable, and could not be liable, for the impositions.

Further, each of the aforenamed individuals averred that the levy against them was made without previous discussion, and that the basis of the assessments has not been disclosed, although protest has been made and a conference requested. They each further alleged that the defendant and his subordinates, acting without any valid basis, had proceeded to file and post notice of lien against each of their properties in the sum of $300,264.46, with interest accruing at the rate of over $1,000 per month. They further asserted that they do not have and cannot acquire funds or credits sufficient to pay the assessments, or provide a bond to guarantee payment thereof, and are therefore deprived of any means of contesting the illegal taxes.

Plaintiffs also alleged that due to the enormity of the assessments it is wholly unlikely that they will ever be able to accumulate sufficient estate to pay the assessment or provide a bond as would be required in order to contest the assessments, and that their property will be sold at distress prices resulting in irreparable injury unless an injunction be issued, and that they will suffer and presently do suffer in their businesses by reason of the liens and the eventual sale of their properties which they are unable to protect unless equity intervenes.

The court below based its orders of dismissal upon Section 7421(a) Internal Revenue Code of 1954, 26 U.S.C.A. § 7421 (a), which provides, "(a) * * * No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court".

The question then before this court is whether or not the dismissals of the complaints, by reason of this section, were proper. We do not agree that it was.

It is well settled that, despite the provisions of Section 7421(a) Internal Revenue Code of 1954 a suit may be maintained to enjoin the collection of an illegal tax, where exceptional circumstances exist. Hill v. Wallace, 259 U.S. 44, 62, 42 S.Ct. 453, 66 L.Ed. 822; Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 76 L.Ed. 422; Midwest Haulers v. Brady, 6 Cir., 128 F. 2d 496; John M. Hirst & Co. v. Gentsch, 6 Cir., 133 F.2d 247; Shelton v. Gill, 4 Cir., 202 F.2d 503.

For the purpose of testing the complaints it must be conceded by reason of the Collector's motions to dismiss, that the taxes which he seeks to collect are not obligations of the plaintiffs, since the allegations of illegality and the reasons therefor by plaintiffs must be taken as true. Further, the allegations made in each case that plaintiffs do not have, and will not have the money or assets to protect themselves, either now or in the foreseeable future, by the only method permitted by law, namely, to make bond or to pay and discharge the taxes, must be taken as true. The same is true as respects the allegations that plaintiffs will be greatly injured in their properties and businesses by the liens and eventual sales, and by the presence of the ever-impending assessment for large sums of money that could and would be enforced against any future earnings or property acquired by the plaintiffs.

The cited authorities agree that injunctive relief may be granted where there has been an illegal or unconstitutional levy, coupled with other special and extraordinary circumstances which would require equity to intervene. Here the taxpayers allege illegality and explain their allegations by saying that they were not engaged in any of the businesses made subject to the tax. They further say that because of their financial situation the remedies for testing the levies are not now, nor will they be, open to them, and that the liens and threatened sales will be disastrous to them in that their properties will be sacrificed and their businesses so handicapped as to be made worthless.

When we consider that the legality of the assessments of these taxes cannot be tested as can income taxes, but must be bonded or paid before they can be contested, it is easy to see that in many instances where very large assessments are imposed many individuals would not have any available remedy to resist the sale of their properties or to test the legality of the tax, unless they have resort to a court of equity.

Here we have three cases in which the parties will be denied a remedy unless and except they be afforded a hearing upon their complaints for injunction. It is true that if upon such hearing the alleged illegality and special and extraordinary circumstances do not in fact both exist then the restraint imposed by Section 7421(a) Internal Revenue Code of 1954 would apply, and the complaints would be dismissed, but we do not think they should be dismissed without a hearing.

The orders of the District Court dismissing the complaints are each reversed and the causes remanded for further proceedings consistent with this opinion.