Theodore T. MACEJKO and Guy W. Gully, Trustees for Sam Budak, Frank A. Budak, a minor and Anthony J. Budak, a minor, Petitioners,

v.

UNITED STATES of America and Melvin J. Burton, District Director of Internal Revenue, Cleveland, Ohio District, Respondents.

Civ. A. No. 34854.

United States District Court
N. D. Ohio, E. D.
June 1, 1959.

88

Theodore T. Macejko, Youngstown, Ohio, Walter H. Maloney, Washington, D. C., for plaintiffs.

Llewellyn A. Luce, Washington, D. C., Russell Ake, U. S. Atty., Cleveland, Ohio, for defendants.

WEICK, District Judge.

This action was brought to enjoin the respondents from seizing, selling, levying upon, distraining upon or disposing of any property or properties, real or personal held by petitioners, or in their possession or under their name or funds owing them as Trustees for Sam Budak, Frank A. Budak, a minor, and Anthony J. Budak, a minor. The Government has moved for dismissal of the complaint.

This controversy is the result of jeopardy assessments levied by the Government on August 22, 1958. The Government claims that Frank Budak of Las Vegas, Nevada owes back taxes for the years 1940 and 1941. It is claimed that Frank Budak transferred some of his personal assets to the trust and hence the petitioners are liable for his tax deficiency as transferees. It is also claimed that Frank A. Budak of Campbell, Ohio (son of Frank Budak of Las Vegas) personally obtained assets of his father. The Government claims a levy on any trust assets belonging to Frank A. Budak to satisfy his personal liability as the transferee of Frank Budak.

The provisions of the Internal Revenue Code of 1954 are controlling as to the procedural matters here in issue. 26 U.S.C. § 7851(a)(6).

■ The maintenance of a suit to restrain the collection of income taxes is prohibited by Section 7421(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7421(a), formerly Section 3653(b) of the 1939 Code, 26 U.S.C. § 3653(b). However, the statutory restriction may be overcome with a showing of (1) the illegality of the tax assessed, and (2) exceptional and extraordinary circumstances. Miller v. Standard Nut Margarine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422.

■ The first inquiry herein is whether exceptional circumstances exist. I believe they do.

It is alleged that one of the beneficiaries of the trust which was created by the Common Pleas Court of Mahoning County, Ohio is Sam Budak who is over 80 years of age and completely dependent upon the income of the trust for a living and survival.

While there is conflict of opinion among the various courts if the threat of financial ruin to a business is an exceptional circumstance, the Sixth Circuit holds that it is. John M. Hirst & Co. v. Gentsch, 6 Cir., 1943, 133 F.2d 247. If the threat of business ruin is an exceptional circumstance, certainly the cutting off of the sole means of support for an 80 year old man should also be. It would be highly regrettable if we had reached a point where business survival is considered paramount to human survival.

■ The remaining issue is the legality of the tax and levy.

Petitioners' principal contention is that they were entitled to receive deficiency notices and/or 90 day letters prior to the assessment of the deficiency, under the provisions of Sections 6212(a) and 6213(a) of the 1954 Code, 26 U.S.C. §§ 6212(a), 6213(a). There is no merit in this contention.

The assessments in question were jeopardy assessments provided for by Section 6861 of the 1954 Code, 26 U.S.C. § 6861. By the Code provision such an assessment may be made without the sending of a 90 day letter. It is sufficient that the notice of assessment be given within 60 days after it is made. Notice was given with-

in the prescribed period in this case. Thus, there is no illegality in that regard.

 However, petitioners also allege that they owe no Federal income taxes for the years 1940 and 1941. This statement, taken in conjunction with the detailed description of the creation of the trust is susceptible of the interpretation that the trust corpus contains no assets formerly belonging to Frank Budak.

Petitioners also allege that they hold no monies or properties belonging to Frank A. Budak, Transferee.

Those are factual allegations which, if established as true, might preclude the Government's claim on the trust to satisfy the tax liability of Frank Budak.

The respondents filed a reply to petitioners' reply to respondents' motion to dismiss. That document contained affidavits proving the mailing of the proper notice. The respondents requested that the Government's motion then be treated as one for summary judgment.

Considered as either a motion to dismiss or for summary judgment, respondents' motion must be denied. The factual allegations, previously discussed relating to the legality of the tax, even though disputed by the Government cannot be summarily disposed of by the Court. If petitioners can sustain those allegations by proof they may be entitled to the relief requested.

■ Finally, respondents contend that the action should be dismissed because petitioners have an administrative remedy in that they may post a bond to stay collection under Section 6863 of the 1954 Code, 26 U.S.C. § 6863. One whose entire property has been subjected to the lien of a jeopardy assessment is not in a very good position to make use of the additional remedy offered by Section 6863. Shelton v. Gill, 4 Cir., 1953, 202 F.2d 503, 507. The administrative avenue is only a dead end in this instance due to the difficulty in obtaining a bond. A surety would not likely accept assets of the trust, subject to the tax lien, as indemnification for its liability, assuming that the trustees appointed by the Com-

mon Pleas Court had the power to give such a bond.

Nor do I believe that the remedy of filing a claim for abatement with the person who made the levy is adequate here.

A genuine issue over the facts exists which precludes the granting of the motion for summary judgment. It is, therefore, denied.