268 F.2d 201
 U. S. MUTUAL BENEFIT ASSOCIATION, Appellant,
v.
Russell A. WELCH, Director of Internal Revenue, Appellee.
U. S. INSURANCE AGENCY COMPANY, Appellant,
v.
Russell A. WELCH, Director of Internal Revenue, Appellee.
 No. 13599.
 No. 13600.
 United States Court of Appeals Sixth Circuit.
 June 22, 1959.
 
 1
 Andrew W. Kops, Cincinnati, Ohio, and J. Warren Dells, Cincinnati, Ohio, on the brief, for appellants.
 
 
 2
 Helen A. Buckley, Washington, D. C., and Andrew F. Oehmann, Acting Asst. Atty. Gen., Lee A. Jackson and A. F. Prescott, Dept. of Justice, Washington, D. C., Hugh K. Martin and Richard H. Pennington, Cincinnati, Ohio, on the brief, for appellee.
 
 
 3
 Before ALLEN, Circuit Judge, and BOYD and MATHES, District Judges.
 
 
 4
 BOYD, District Judge.
 
 
 5
 These cases were dismissed by mere entry of orders to that effect by the District Court on defendant's motions from which rulings these appeals were taken.
 
 
 6
 The single question presented relates to the jurisdiction of the Court to restrain collection of taxes assessed against the appellants under the Federal Insurance Contributions Act (Chap. 9, I.R.C. 1939), 26 U.S.C.A. § 1400 et seq. The dismissal by the District Court rested upon motions by the defendant based on Section 7421(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421(a), which provides, "(a) * * * No suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court."
 
 
 7
 The complaints of the appellants, among other things, charge that they were illegally assessed Social Security Taxes (F. I. C. A. Taxes); that they conduct their businesses through independent contractors over whom they exercise no control; that these independent contractors collect membership dues or insurance premiums, deducting the commissions earned by them and remitting the net balances to the appellants; that the independent contractors have reported and paid their own Social Security Taxes to the Internal Revenue Department, and at no time did these appellants receive any money from the independent contractors for the payment of such taxes; that they are unable to pay these assessments without liquidation of properties used in operating their businesses, thereby ruining and forcing a complete cessation of same, causing them irreparable loss; and that they have no adequate remedy at law.
 
 
 8
 Section 7421(a) of the I.R.C. 1954, has been construed in a long line of cases to withdraw from the courts the power to restrain assessment or collection of taxes where the challenge is to the validity or applicability of the tax. Its restraint, however, is not absolute and an exception to its application is recognized in those cases which present extraordinary and exceptional circumstances requiring the interposition of a court of equity. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Midwest Haulers v. Brady, 6 Cir., 128 F.2d 496; John M. Hirst & Co. v. Gentsch, C.A. 6 Cir., 133 F.2d 247; Reams v. Vrooman-Fehn Printing Co., C.A. 6 Cir., 140 F.2d 237.
 
 
 9
 As stated in John M. Hirst & Co. v. Gentsch, supra [133 F.2d 248], "* * * the circumstances that are to be considered extraordinary or exceptional have never * * * been catalogued." However, in view of the summary manner in which the District Court acted in the rejection of the claims of the appellants, we are not advised as to whether there was any basis for their contentions that these cases came within the category of extraordinary or exceptional circumstances. While we express no opinion relative to the validity of the assessments herein, the allegations of the complaints, which are taken as true, do require an investigation by the trial court to determine whether or not these are proper cases for consideration under its equity jurisdiction. Recently, this Court had opportunity to consider the identical question in Lassoff v. Gray, 6 Cir., 266 F.2d 745.
 
 
 10
 For the reasons stated herein we are of the opinion the factual situations in these cases should be fully developed through a hearing in the trial court.
 
 
 11
 The entries of dismissal by the District Court are reversed and the causes remanded for further proceedings consistent with this opinion.