Peter LICAVOLI and Grace Licavoli, his wife, Plaintiffs-Appellants,

v.

R. I. NIXON, District Director, Internal Revenue Service,

and

United States of America, Defendants-Appellees.

No. 14952.

United States Court of Appeals Sixth Circuit.

Jan. 18, 1963.

John F. Noonan, Detroit, Mich. (Robert E. Toohey, Detroit, Mich., on the brief), for appellants.

Benjamin M. Parker, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for appellees.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and BOYD, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

The taxpayers, Peter Licavoli and Grace Licavoli, his wife, filed this action in the District Court to enjoin the Government and the District Director, Internal Revenue Service, from assessing and collecting income taxes and fraud penalties for the years 1948 through 1951 in the amount of $411,162.58, resulting from jeopardy assessments made by the Government. Following the issuance of an order to show cause, the Government filed its motion to dismiss. The motion was heard orally and upon briefs by the District Judge, who thereafter denied plaintiffs' motion for a preliminary injunction and granted defendants' motion to dismiss. Licavoli v. Nixon, 201 F. Supp. 835, E.D.Mich.

The factual background is as follows.

On March 1, 1955, separate statutory notices of deficiencies were mailed to each of the taxpayers for the year 1947 and one to the taxpayers jointly for the years 1948–1951. The proposed deficiencies were based upon a net worth analysis of taxpayers' assets. Except for the year 1951, they were barred by the statute of limitations, in accordance with the provisions of Section 275(a), Internal Revenue Code of 1939. On May 27, 1955, the taxpayers filed in the Tax Court their three petitions for redetermination of the proposed deficiencies, which included allegations raising the statutory bar of limitations. To meet this defense the Commissioner pleaded the exception set out in Section 276(a), Internal Revenue Code of 1939, providing for assessment at any time in the case of a false or fraudulent return with intent to evade the tax.

On March 2, 1956, the Tax Court entered an order in each of the three cases requiring the Commissioner to file a more detailed net worth statement in support of the fraud allegations or show cause why the proceedings should not be dismissed as to the fraud issues. The Commissioner declined to comply with this order and on June 14, 1956, the Tax Court entered an order in each of the three cases striking from the answer the affirmative allegations with respect to the fraud issue.

To test the validity of the Tax Court order, the Commissioner moved for a decision in the case involving the 1947 deficiency of Peter Licavoli, and on August 12, 1956, the Tax Court entered a decision of no deficiency in that case only. On review, this Court affirmed the deci-

sion of the Tax Court on February 14, 1958. Commissioner v. Licavoli, 252 F.2d 268, C.A. 6th.

On October 21, 1959, the Commissioner obtained ex parte leave to file in the other two cases in the Tax Court amended answers which ·complied with the Tax Court's order of June 14, 1956. The taxpayers' motions to strike the amended answers were denied on January 20, 1960, and their motions to reconsider were also denied on November 14, 1960.

On July 25, 1961, the Government made jeopardy assessments against the plaintiffs pursuant to Section 6861(a), Internal Revenue Code of 1954, covering their liabilities for the years 1948–1951.

On August 31, 1961, the plaintiffs filed the present action to enjoin the collection of the taxes under the jeopardy assessments. The complaint alleges that the assessments and actions of the District Director were illegal, arbitrary, capricious, and wholly without authority, and constitute an illegal claim against the plaintiffs' property; that the plaintiffs, by reason of the liens and levies asserted pursuant to the jeopardy assessments, are without funds or income to employ counsel and accountants and defray other expenses necessary to the proper presentment of the issues to the Tax Court; that they have exhausted all their administrative remedies and are without an adequate remedy at law; and that unless the relief requested is granted, they will suffer irreparable harm and injury and be deprived of their property without due process of law.

In support of its motion to dismiss, the Government relied in part upon Section 7421(a), Internal Revenue Code of 1954, which provides that, with certain exceptions not material here, " * * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Plaintiffs contend that irrespective of the express wording of the statute, the Supreme Court ruled in 1932 in Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, that although a suit will not lie to restrain the collection of a tax upon the sole ground of its illegality, in cases where the complainant shows that in addition to the illegality of the tax there exist exceptional and extraordinary circumstances, the statute does not preclude the judicial exercise of appropriate equitable jurisdiction, and that their present action comes within this exception to the statutory provision. They claim that the illegality of the taxes here involved is that the legal effect of this Court's affirmance of the Tax Court's decision in Commissioner v. Licavoli, supra, 252 F.2d 268, was to collaterally estop the Government from assessing the taxes involved in the present action. Reliance is placed upon Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. They add to the illegality of the tax the irreparable injury which will be suffered by the plaintiffs as alleged in the complaint and admitted by the motion to dismiss.

Although at the present time we make no ruling on the issue, we believe there is real doubt that the Government is collaterally estopped from making its jeopardy assessments for the 1948–1951 taxes by reason of our previous affirmance of the Tax Court's decision of no deficiency for the 1947 taxes. Our affirmance of the Tax Court's decision was by reason of a procedural technicality. It was not a ruling upon the merits. Since then, steps have been taken in the Tax Court case involving the 1948–1951 taxes to correct the procedural technicality previously existing.

The Supreme Court in its recent opinion in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, has again discussed the purpose and scope of Section 7421(a) and its previous ruling in the Nut Margarine Co. case, pointing out that the ruling in that case should not be construed as holding that Section 7421(a) does not bar suit for an injunction against the collection of taxes not due if the legal remedy is inadequate. More than that is required. With respect to the illegality of the tax involved, more is

required than allegations of illegality, even though such allegations may ultimately be sustained. The Court said, " * * * if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.'" Stating the rule in other words, the Court said that only if it is apparent that "under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund."

From what we have hereinabove said about the issue of collateral estoppel, it is clear that the present case does not come within the exception to the statutory bar. It cannot be said that the Government's claim is so utterly without merit that it is apparent that under the most liberal view of the law and the facts, it could not be established.

Plaintiffs rely strongly upon the following three cases previously decided by this Court, in each of which the judgment of the District Court sustaining the Government's motion to dismiss the complaint was reversed on appeal. John M. Hirst & Co. v. Gentsch, 6 Cir., 133 F.2d 247; Lussoff v. Gray, 6 Cir., 266 F.2d 745; United States Mutual Benefit Association v. Welch, 6 Cir., 268 F.2d 201.

In the two cases last cited the Court was of the opinion that the question of the illegality of the tax depended upon the facts which should be fully developed upon a hearing in order for the trial court to determine whether they were proper cases for consideration under the trial court's equity jurisdiction. The judgments sustaining the Government's motions to dismiss were reversed and the cases remanded in order that the facts could be so developed. These rulings were not upon the merits. In the present case the facts pertaining to the legality of the tax are not in dispute, and the question before the Court on that issue is a legal one which can be decided upon a motion to dismiss without a hearing, rather than a factual one which would require a hearing.

Insofar as the rulings in John M. Hirst & Co. v. Gentsch, supra, 133 F.2d 247, C.A. 6th, and the two cases above referred to, may be construed as authorizing the issuance of an injunction against the collection of taxes under circumstances less exacting than required by the recent ruling of the Supreme Court in Enochs v. Williams Packing & Navigation Co., supra, 370 U.S. 1, 82 S.Ct. 1125, they, of course, must yield to that ruling.

The judgment is affirmed.