Waverly C. BROADWELL and Nancy Broadwell, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Dohn BROADWELL, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 699, 700.

United States District Court
E. D. North Carolina,
Fayetteville Division.

Heard Aug. 5, 1964.

Decided Sept. 14, 1964.

Frank P. Meadows, Jr., Rocky Mount, N. C., for plaintiffs.

Robert H. Cowen, U. S. Atty., and Gerald L. Bass, Asst. U. S. Atty., for defendant.

CRAVEN, Chief Judge:

These actions, consolidated for trial, are brought by plaintiff taxpayers under 28 U.S.C. § 2410(a) to remove the cloud of a tax lien on title to their property. The lien arose, pursuant to the provisions of Section 6312 of the Internal Revenue Code of 1954, by reason of deficiency income tax assessments made on the basis of their federal income tax returns filed for 1959.

What plaintiffs seek from this court is an injunction restraining defendant from any attempt to collect the deficiency assessments and a declaration that all liens and deficiency assessments for the calendar year 1959 be abated and declared null and void. Defendant has moved to dismiss the suit for failure to state a claim upon which relief can be granted and for lack of jurisdiction of the subject matter and for lack of jurisdiction over the United States because of sovereign immunity.

Jurisdiction is asserted under 28 U.S.C. §§ 1340 and 2410(a). Section 1340 confers upon the district courts "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue * * *." Section 2410(a) provides that "the United States may be named a party in any civil action or suit in any district court * * to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

■■ Section 1340 is merely a grant of general jurisdiction to the district courts to entertain civil actions arising under any Act of Congress providing for internal revenue. It is not a waiver by the government of immunity from suit, but presupposes waiver of immunity under some other statutory provision. See: First National Bank of Emlenton, Pennsylvania v. United States, 3 Cir., 265 F. 2d 297 at 299 (1959); Quinn et al. v. Hook, D.C., 231 F.Supp. 718 (1964). Such waiver, plaintiffs contend, is the effect of Section 2410(a) of U.S.C. Certainly Section 2410(a) is a relinquishment of sovereign immunity—the question is, to what extent. Whether it extends to an attack upon the merits of the tax assessment itself has been considered in several cases: Pipola v. Chicco, 169 F.Supp. 229 (S.D.N.Y.1959), aff'd. 2 Cir., 274 F.2d 909 (1960); Wells v. Long, 162 F.2d 842 (9th Cir. 1947); Remis v. United States, 172 F.Supp. 732, 733 (D.C. Mass.), aff'd. 273 F.2d 293 (1st Cir. 1960).

In Pipola, supra, the Court of Appeals for the Second Circuit agreed with the district court that the purpose of Section 2410(a) was to waive the government's immunity from suit so as to permit a court of proper jurisdiction to determine the relative position of government liens on property as against other lienors—not to permit a collateral attack on the tax assessment.

In the language of Judge Weinfeld of the district court, approved by the Second Circuit Court of Appeals, "(T)he validity of a lien, depending upon compliance or noncompliance with statutory requirements, or the priority of a lien validly filed is quite a far cry from permitting a third party to attack the tax assessment upon which a properly filed lien is based." Pipola v. Chicco, supra, 169 F.Supp. at 232.

Plaintiffs contend that Pipola was specifically overruled in United States v. O'Connor, 2 Cir., 291 F.2d 520 (1961), and it has been so interpreted.[1] However, the O'Connor case was not brought under Section 2410(a) of the Judicial Code, but rather under Section 7403 of the Internal Revenue Code. The two cases are thought to be distinguishable in that O'Connor overruled only an er-

1. Sonitz v. United States, 221 F.Supp. 762 (D.C.N.J.1963); Falik v. United States, 206 F. Supp. 181 (E.D.N.Y.1962)

 

roneous premise for the court of appeals' conclusion in Pipola. Quinn et al. v. Hook, supra, at 231 F.Supp. 718.

 In light of the legislative history of Section 2410(a) it is apparent that the consent of the government, given under that section, does not extend to a taxpayer's attack on the merits of a tax assessment through the vehicle of a suit to quiet title. As stated by Judge Freedman of the Eastern District of Pennsylvania in Quinn et al. v. Hook, supra:

> "The purpose of the amendment, as clearly stated in the House and Senate reports, 'is to permit the United States to be made a party defendant in cases involving foreclosure of mortgages or liens on personal property and to provide a method to clear real estate titles of questionable or valueless Government liens.' Its passage was recommended by Attorney General Jackson in order to protect good faith purchasers of real estate and foreclosing mortgagees."

In their attempt to enjoin these deficiency assessments plaintiffs run head-on into Sections 7421 and 7422 of the Internal Revenue Code of 1954. Section 7421(a) states that "[e]xcept as provided in sections 6212(a) and (c), and 6213(c),[2] no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." Section 7422 provides that no suit shall be maintained in any court for the recovery of a tax alleged to have been erroneously or illegally assessed prior to filing a claim for a refund. These sections do not, as may first appear, prohibit any and all suits to restrain the assessment or collection of a tax. The Supreme Court of the United States, in Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932), held that such a suit may be maintained if complainant shows the existence of special and extraordinary circumstances sufficient to bring the case within some

acknowledged head of equity. But in the ordinary case, as said in Enochs v. Williams Packing and Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the purpose of Section 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention and to require that the legal right to the disputed sums be determined in a suit for a refund.

Plaintiffs have not sufficiently shown their case to be within the "acknowledged head of equity" laid down in Miller, supra. Nor have they clearly established, as required by the rule in Enochs, supra, "that under no circumstances could the government ultimately prevail" in this case.

The plaintiffs' motion for an injunction is, therefore, denied. The defendant's motion to dismiss is allowed. Judgment to be entered accordingly.

2. Sections 6312(a) (c) and 6213(c) relate to procedural prerequisites for assessment and have no application here.