**Fred FLOYD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 4362.**

United States District Court
W. D. South Carolina,
Anderson Division.

May 27, 1965.

C. S. Bowen, Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., Robert O. Dupre, Asst. U. S. Atty., Greenville, S. C., for defendant.

SIMONS, District Judge.

Plaintiff alleges in his complaint that defendant erroneously claims that he and his wife Pauline Floyd, as a partnership, owned and operated a supper club in Pickens County, South Carolina, during the years 1954 to 1960; that as a partner in said business plaintiff is liable for payment of certain cabaret taxes, penalties and interest [1] allegedly due as a result of the operation of the said supper club during the foregoing period of time; that a tax lien has been entered against plaintiff for the amounts allegedly owed; and that certain real property owned by plaintiff has been seized by defendant pursuant to Notice of Seizure, on or about May 21, 1965, for purpose of selling said property for payment of the taxes due. Plaintiff further alleges that Pauline Floyd, his wife, has always been the sole owner of the supper club; that he has never been a partner in, nor had any other interest in, the said business and owes no taxes due therefrom; and that unless the court grants relief as prayed for plaintiff will suffer irreparable injury and damage in that his property will be sold for the taxes allegedly owed.

---

1. Taxes, penalties and interest allegedly owed amounted to $13,476.54 as of May 21, 1963.

He further contends that he has no adequate remedy at law, since he is financially unable to pay the tax and sue for a refund. The prayer of plaintiff's complaint seeks a judicial determination as follows:

"[1] That plaintiff is not, and has never been, the owner of the Casablanca Supper Club, and has not, and has never had, any ownership interest therein, either through a partnership with Pauline Floyd or with any one else;

"[2] That plaintiff is not the or a taxpayer in reference to the taxes, penalties and interest mentioned in this complaint;

"[3] That there is no legal or other liability, obligation or duty resting upon the plaintiff to pay the taxes, penalties or interest mentioned in this complaint;

"[4] That the defendant had no legal right or authority to levy the taxes, penalties and interest mentioned in this complaint against the plaintiff herein, and that defendant's action in that regard is null and void; and that the same be vacated and set aside;

"[5] That the defendant had no legal right or authority to enter of record the tax lien mentioned in this complaint, against the plaintiff and his property, and that the said record be ordered cancelled as to this plaintiff and his property;

"[6] That the defendant had no legal right or authority to seize the property mentioned in this complaint, and that its action in that regard be declared null and void,

and that said seizure be vacated and set aside;

"[7] That the defendant be enjoined and restrained from further harassing this plaintiff in regard to the payment of said alleged taxes, penalties and interest;

"[8] That this Court issue such temporary orders and permanent decrees as may be necessary to protect the rights of this plaintiff; and,

"[9] For such other and further relief to which plaintiff may be entitled in law or in equity."

The main thrust of plaintiff's contention is that under the facts alleged in the complaint plaintiff herein is not in reality a "taxpayer" since he at no time owned any interest in the supper club against which the taxes were assessed, and under no circumstances could he be liable for the alleged taxes; consequently, defendant has wrongfully and illegally levied upon his property for the taxes due and owing by his wife, who was the sole owner and operator of said supper club; and that he is entitled to maintain this action to quiet title to his real estate, and to remove the cloud of the federal tax lien therefrom. Plaintiff strongly urges that defendant has waived its sovereign immunity to such action and has consented to be sued in this court under the provisions of Title 28 U.S.C. § 2410[a].[2]

Plaintiff's complaint was originally filed in the Court of Common Pleas, Pickens County, S. C., on May 29, 1963. The United States filed motion for removal, and moved said action to this court pursuant to 28 U.S.C. § 1444.[3] On

2. Title 28 U.S.C. § 2410 [a] provides: "Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, including the District Court for the Territory of Alaska, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

3. 28 U.S.C. § 1444 provides: "Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."

July 19, 1963, defendant filed motion to dismiss plaintiff's complaint upon following grounds:

"[1] That this court lacks jurisdiction of the subject matter of this suit, because this action seeks to enjoin the collection of internal revenue taxes assessed against the plaintiff, which is prohibited by Section 7421 of the Internal Revenue Code of 1954 [26 U.S.C. Section 7421]; that this court lacks jurisdiction of the subject matter of this suit because this action involves a controversy with respect of federal taxes assessed against him, which is prohibited by Section 2201, Title 28, United States Code [28 U.S.C. Section 2201]; [3] that this court lacks jurisdiction of the defendant, United States of America, since this action is a suit against the United States, with respect to a matter which the United States has not waived its sovereign immunity."

Defendant's motion to dismiss was heard March 19, 1965, with counsel for parties presenting oral arguments. In answer to plaintiff's contention that he was entitled to equitable relief under the circumstances presented here because he had no adequate remedy at law, defendant contended that no sufficient facts were alleged in the complaint to support the conclusion that the plaintiff had no adequate remedy at law, or to show that irreparable damage would result to him in the absence of injunctive relief by the court. Consequently, at the conclusion of the hearing upon request leave was granted plaintiff's counsel to file an affidavit setting forth facts in support of the allegations of undue hardship, irreparable injury and lack of adequate remedy at law contained in plaintiff's complaint.[4]

In support of its contention that this action must be dismissed, defendant asserts that this is not in actuality an action to quiet title within the scope of 28 U.S.C. § 2410[a],[5] but instead is an attempt on the part of plaintiff to attack the merits of a tax assessment by declaring that plaintiff owes no tax liability to defendant; and that the United States has not waived its sovereign immunity to suit in such a case.

 After a careful study and consideration of briefs submitted by counsel for both parties, and after reading and studying the cases and authorities cited therein, this court can reach no conclusion other than that this is essentially a suit to determine the validity of the tax assessed against the plaintiff by the defendant, and that the defendant has not withdrawn its sovereign immunity to such an action under the provisions of Section 2410[a], supra.

Formerly there was some case authority to support the proposition that a taxpayer could bring such an action to determine the validity of a tax assessment in a suit to quiet title under the authority of said Section 2410[a]. See Sonitz v. United States, 221 F.Supp. 762 [D.C.N.J.1963]; United States v. Coson,

4. Plaintiff's affidavit was filed with Clerk of Court April 13, 1965. In substance it alleged that since the action was commenced plaintiff has suffered two severe heart attacks requiring that he be confined in the hospital for an extended period of time, resulting in his disability to engage in any gainful employment; that he has only a seventh grade education, and has glaucoma in both eyes; that he has no income except for the rent on his restaurant building rented to his wife, and that he has no real or personal property except his personal clothing and effects, the household goods in his home, a 1955 automobile, and a 1959 auto-mobile over which there is an unpaid mortgage in excess of its market value; that his only real estate is the restaurant and home mentioned in the complaint, which is heavily mortgaged and would not sell upon the open market for any more than the mortgage debt; and if sold, would leave him without any income in a homeless and destitute situation; he further states that he has no available funds nor any credit so that he could borrow money with which to pay the tax claimed by defendant in order that he may sue for a refund.

5. Note 2, supra.

286 F.2d 453 [9th Cir. 1961]. However, later decisions have held consistently that a taxpayer may not use said Section as a means to contest the merits of a tax assessment, predicated upon a suit to quiet title. Broadwell v. United States, 234 F.Supp. 17 [D.C.N.C.1964], aff'd. 4th Cir. March 8, 1965, 343 F.2d 470; Cooper Agency v. McCleod, 235 F.Supp. 276 [D. C.S.C.1964]; Quinn v. Hook, 231 F.Supp. 718 [D.C.Pa.1964]; aff'd. 341 F.2d 920 3rd Cir. March 2, 1965; Batts v. United States, 228 F.Supp. 272 [D.C.N.C.1964]; Falik v. United States, 343 F.2d 38, [2nd Cir. March 1965].[6] In Broadwell, supra, the district court stated:

> "In light of the legislative history of Section 2410[a] it is apparent that the consent of the government, given under that section, does not extend to a taxpayer's attack on the merits of a tax assessment through the vehicle of a suit to quiet title. As stated by Judge Freeman of the Eastern District of Pennsylvania in Quinn et al. v. Hook, supra:

> " 'The purpose of the amendment, as clearly stated in the House and Senate reports, "is to permit the United States to be made a party defendant in cases involving foreclosure of mortgages or liens on personal property and to provide a method to clear real estate titles of questionable or valueless Government liens." Its passage was recommended by Attorney General Jackson in order to protect good faith purchasers of real estate and foreclosing mortgagees.' "

In affirming the district court's determination in Broadwell, the Fourth Circuit, in its Per Curiam opinion of March 8, 1965, said:

> "By quia timet suits against the United States under 28 U.S.C. §

2410, Waverly C. Broadwell, Nancy, his wife, and Dohn Broadwell, appellants, endeavored to remove the lien on their properties of income taxes assessed upon them for the year 1959. The object of the complaints, the appellants candidly concede, was to dispute the validity of the assessments. With the District Judge, and for the reasons he gives in his memorandum on dismissing the actions, 234 F.Supp. 17, we think: [1] that 28 U.S.C. § 2410 is not available for the purpose for which it is now invoked, * * *."

From the tenets of the foregoing authorities, it is clear that the Government has not withdrawn its sovereign immunity and consented to be made a party to this action to quiet title under 28 U.S.C. § 2410[a]; and that this court does not have jurisdiction under said section to entertain this action.

Plaintiff next contends that, under its broad equity powers, this court should declare that plaintiff is not liable for the assessed taxes, and should issue its injunction restraining the Government from further harassing plaintiff in regard to the payment of alleged taxes owed, since he has no adequate remedy at law, in that he is financially unable to pay the taxes and sue for a refund; and that sale of his property would result in irreparable damage to plaintiff.

In answer thereto, the Government urges that the court is barred from granting such injunctive relief under the provisions of Section 7421[a] of Title 26, U.S.C., which provides, in part: "Except as provided in sections 6212[a] and [c], and 6213[a],[7] no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. * * *"

---

6. In Falik the Court of Appeals reversed the district court where district judge held taxpayer could test validity of assessment under 28 U.S.C. 2410 [a]. See also: Remis v. United States, 273 F.2d 293 [1st Cir. 1960]; Gordon v. Bank of America National Trust and Savings

Ass'n, 150 F.Supp. 772 [D.C.Cal.1957]; Commercial Credit Corporation v. Schwartz, 126 F.Supp. 728 [D.C.Ark. 1954].

7. These sections relate to procedural prerequisites for assessment and have no application here.

The language of this section is mandatory and prevents this court from granting injunctive relief unless plaintiff brings himself within the statutory exceptions as set forth in said section [which he does not contend here]; or unless he clearly establishes his right to come within the very limited judicial exception which has been recognized by our courts under their general powers of equity, the criteria of which have been clearly set forth in Miller v. Standard Nut Margarine Company, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 [1932]; and which have been further clarified in the recent landmark case of Enochs v. Williams Packing and Navigation Company, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 [1962]. In Miller it was held that the general equity power of the court may be invoked to restrain the collection of federal taxes, if two criteria are present: [1] The tax must be shown to be illegal; and [2] there must exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence. In Enochs the Supreme Court went a step further and declared that, in addition to the criteria set forth in Miller, supra, plaintiff, to be entitled to injunctive relief, must show that under the most liberal view of the law and facts, the United States cannot establish its claim.

The Court stated at 370 U.S. 7, 82 S. Ct. 1129:

> "The manifest purpose of § 7421[a] is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case, [284 U.S. 498, 52 S.Ct. 260], the attempted collection may be enjoined if equity jurisdiction other-

wise exists. In such a situation the exaction is merely in 'the guise of a tax.' Id., 284 U.S. at 509, [52 S.Ct. at 263].

> "We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund."

 Under the circumstances before me I am compelled to the conclusion that plaintiff has failed to meet the prerequisities or the standards imposed by Miller and Enochs, supra. The plaintiff has not alleged in his complaint that defendant acted in an arbitrary, capricious, illegal or erroneous manner; however, he does allege that he never owned any interest in his wife's business, that she was the sole and only owner of same. Such allegations are considered mixed conclusions of law and fact, which raise an issue concerning the ownership of the Casablanca Supper Club, on which point it is far from clear that under no circumstances could the Government prevail. Enochs, supra. The Government's position here is that plaintiff was a partner with his wife, Pauline N. Floyd, in the ownership and operation of the supper club; that he is therefore equally liable for the payment of the excise taxes due from the operation thereof. In view of the Government's contention, the relationship of the parties, and the other circumstances before the court, I am unable to hold as a matter of law that the plaintiff is not a "taxpayer"; that his property has been wrongfully and illegally

levied upon and is about to be sold by defendant for the payment of federal taxes, which under no circumstances could defendant establish that he legally owed.

The court is indeed sympathetic with plaintiff's dilemma and considers that he has made sufficient showing of "special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence;" Miller, supra; and that he has no adequate remedy at law.[8] In balancing equities, neither is there any doubt that equity weighs heavily on plaintiff's side, especially in view of the fact that the Government has a lien filed against plaintiff's real estate which prevents plaintiff from disposing of said assets until such time as the validity of the lien may be determined. On the other hand, if the court grants plaintiff no relief herein his home and his income-producing property will be sold to satisfy the Government's claims since he is unable to pay the tax and sue for refund and will suffer irreparable damage.

If the Government did not contend that plaintiff is a taxpayer who is indebted along with his wife, for the assessed taxes, there is no doubt that plaintiff would be entitled to maintain his suit in this court to prevent a levy and sale of his property for taxes for which he is

not liable. Raffaele v. Granger, 196 F.2d 620, [3rd Cir. 1952]; Adler v. Nicholas, 166 F.2d 674, [10th Cir. 1948];[9] Rothensies v. Ullman, 110 F.2d 590, [3rd Cir. 1940]; Shelton v. Gill, 202 F.2d 503, [4th Cir. 1953], wherein at page 506 Judge Soper said:

> "It may be noted, at the outset, that the broad prohibition of § 3653[a] against the maintenance of any suit to restrain the collection of any taxes is directed at the person liable for the taxes and is not intended to preclude the courts from affording protection to one not liable to the taxes whose property may be in danger of seizure and sale by the taxing authorities."[10]

The foregoing cases are authority for the proposition that the courts will entertain jurisdiction and restrain the Government from levying and selling a non-taxpayer's property for the taxes alleged to be due by a third-party taxpayer. These cases are distinguishable from the factual situation here inasmuch as the Government contends that plaintiff is the "taxpayer", and under the circumstances it appears to the court that there is a substantial question as to this ultimate fact, and consequently under the controlling decisions of Miller and Enochs, and the other cited cases, supra, plaintiff has not established that he is

---

8. Note 4, supra.

9. The Tenth Circuit, at page 678, said: "It is equally well settled that the Revenue laws relate only to taxpayers. No procedure is prescribed for a nontaxpayer where the Government seeks to levy on property belonging to him for the collection of another's tax, and no attempt has been made to annul the ordinary rights or remedies of a nontaxpayer in such cases. If the Government sought to levy on the property of A for a tax liability owing by B, A could not and would not be required to pay the tax under protest and then institute an action to recover the amount so paid. His remedy would be to go into a court of competent jurisdiction and enjoin the Government from proceeding against his property."

10. See also Hubbard Investment Co. v. Brast, et al., 59 F.2d 709, at page 710

[4th Cir. 1932], wherein Judge Parker stated:
"We think that the court below properly refused the injunction and dismissed the bill, not, however, because of the provisions of section 3224 of the Revised Statutes [26 USCA § 154]. That section forbids the maintenance of a suit, the purpose of which is so restrain the 'assessment or collection of any tax.' It has no application to a suit instituted, not to restrain the assessment or collection of a tax, but the sale of property which does not belong to the taxpayer and is not subject to distraint and sale for taxes assessed against him. If therefore, this were a case where property equitably belonging to one person were being sold in satisfaction of taxes assessed against another, the statute relied upon would afford no reason for refusing relief." [Citations omitted].

entitled to the equitable and injunctive relief which he seeks.[11]

From the court's research, it appears that since Enochs v. Williams Packing Co., supra, every appellate decision has followed closely the tests enunciated therein for issuance of an injunction enjoining collection of taxes, and every case coming to our attention has resulted in dismissal of plaintiff's complaint. See Johnson v. Wall, 329 F.2d 149 [4th Cir. 1964]; Vuin v. Burton, 327 F.2d 967 [6th Cir. 1964]; Cohen v. Gross, 316 F.2d 521 [3rd Cir. 1963]; Botta v. Scanlon, 314 F.2d 392 [2nd Cir. 1963]; Licavoli v. Nixon, 312 F.2d 200 [6th Cir. 1963]; Abel v. Campbel, 309 F.2d 751 [5th Cir. 1962]; Falik v. United States, 343 F.2d 36 [2nd Cir. March 1965]; Broadwell v. United States, 343 F.2d 470 [4th Cir. March 1965].

Although the court is deeply sympathetic with the plaintiff's position in the instant case, it is, however, mindful of the fact that it is imperative that the Government collect its taxes promptly to meet the obligation of the national economy, and, as stated by the Supreme Court in Enochs v. Williams Packing Co., supra, 370 U.S. at 8, 82 S.Ct. at 1129.

"And to permit even the maintenance of a suit in which an injunction could issue only after the taxpayer's nonliability had been conclusively established might 'in every practical sense operate to suspend collection of the * * * taxes until the litigation is ended.' Thus, in general, the Act [Internal Revenue Act] prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid." [Citation omitted].

■ Part of the relief sought by plaintiff is for a declaratory judgment determining that he is not a taxpayer, that he has no obligation to pay the taxes assessed against him, and that defendant has no legal right to file its lien or seize his property. Thus, in effect, he is asking that the court determine the rights and legal relations of the parties to this law suit. Such declaratory judgment actions with reference to federal taxes are specifically barred by Section 2201 of Title 28 of the United States Code, which provides as follows:

"In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*, any court

---

11. Plaintiff also cites Lassoff v. Gray, 266 F.2d 745, [6th Cir. 1959] and U. S. Mutual Benefit Association v. Welch, 268 F.2d 201, [6th Cir. 1959]. In both these cases the Sixth Circuit reversed the order of district court dismissing a suit for injunction to restrain collection of taxes under section 7421 [a] and ordered that a hearing be held by district court to determine the legality of the assessments and the hardship suffered by taxpayers if injunction did not issue. However, as stated by the Sixth Circuit in Licavoli v. Nixon, 312 F.2d 200, 203 [1963]:
"Plaintiffs rely strongly upon the following three cases previously decided by this Court, in each of which the judgment of the District Court sustaining the Government's motion to dismiss the complaint was reversed on appeal. John M. Hirst & Co. v. Gentsch, 6 Cir., 133 F.2d 247; Lassoff v. Gray, 6 Cir., 266 F.2d 745; United States Mutual Benefit Association v. Welch, 6 Cir., 268 F.2d 201.

"In the two cases last cited the Court was of the opinion that the question of the illegality of the tax depended upon the facts which should be fully developed upon a hearing in order for the trial court to determine whether they were proper cases for consideration under the trial court's equity jurisdiction. The judgments sustaining the Government's motions to dismiss were reversed and the cases remanded in order that the facts could be so developed. * * * Insofar as the rulings in John M. Hirst & Co. v. Gentsch, supra, 133 F.2d 247, C.A.6th, and the two cases above referred to, may be construed as authorizing the issuance of an injunction against the collection of taxes under circumstances less exacting than required by the recent ruling of the Supreme Court in Enochs v. Williams Packing & Navigation Co., supra, 370 U.S. 1, 82 S.Ct. 1125 [8 L.Ed.2d 292], they, of course, must yield to that ruling." [Emphasis added].

of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." [Emphasis added].

See Singleton v. Mathis, 284 F.2d 616, [8th Cir. 1960]; Wilson v. Wilson, 141 F.2d 599 [4th Cir. 1944]; Wm. B. Scaife & Sons, Co. v. Driscoll, 94 F.2d 664, [3rd Cir. 1937], cert. den. 305 U.S. 603, 59 S. Ct. 63, 83 L.Ed. 383.

In view of the foregoing it is hereby ordered that defendant's motion to dismiss plaintiff's complaint be, and the same is hereby granted.

Let judgment be entered accordingly.