Helen V. McCANN

v.

UNITED STATES of America

and

Kenneth O. Hook, District Director of Internal Revenue.

No. 37744.

United States District Court
E. D. Pennsylvania.

Dec. 29, 1965,

Leonard B. Rosenthal, Robert M. Taylor, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Sidney Salkin, Asst. U. S. Atty., Philadelphia, Pa., John G. Penn, Dept. of Justice, Washington, D. C., for defendants.

JOSEPH S. LORD, III, District Judge.

The plaintiff, Helen McCann, has filed a complaint praying that certain tax assessments and liens levied by the defendants against her property be declared void, be cancelled, set aside and stricken, and further praying that the defendants be enjoined from seizing and levying upon her personal property, foreclosing upon her real property or levying upon her wages. Jurisdiction is based upon section 1340 of Title 28 U.S.C. Plaintiff alleges that her action is permissible under Title 28 U.S.C. § 2410.[1] The defendants have moved to dismiss.

Plaintiff alleges in her complaint that she is married to John McCann and that she is the sole owner of premises located at 46 W. Southampton Street, Philadelphia, Pennsylvania. She states that her husband was engaged in the roofing business and that he became delinquent in the payment of federal withholding taxes, Federal Unemployment Tax Act taxes, and Federal Insurance Contribution Act taxes in 1957. The plaintiff contends that sometime during the year 1957, two revenue officers from the Internal Revenue Service demanded payment of the outstanding taxes due from her husband and that they informed her husband that if the taxes were not paid he could no longer remain in business. It is alleged, however, that the two revenue officers did advise plaintiff and her husband that if the plaintiff signed as the owner and operator of the business, the business could continue. Based upon that advice, the plaintiff agreed to sign as owner. Thereafter, she applied for an identification number with both the federal government and the Pennsylvania Unemployment Compensation Fund. Her husband has continued in business up to the present time. The plaintiff filed employer's tax returns as the operator of the roofing business from 1957 until about July, 1962, at which time she relinquished her employer's identification number. At that time, her husband applied for an employer's identification number in his name alone. By 1960, her husband was again delinquent in the payment of his taxes. Assessments for the oustanding taxes were made against the plaintiff and her husband. Notices of federal tax lien were filed against the plaintiff and her husband in the office of the prothonotary of the courts for the County of Philadelphia on various dates beginning on or about October 19, 1960. The plaintiff alleges that she advised the District Director that she was not the proper party for the assessment of the taxes and that she was not in the roofing business during the years in question. She requested, therefore, that the assessment be declared void and that the public liens be withdrawn. The District Director has failed to comply with her request.

The basis for the government's motion to dismiss is that section 2410 does not apply to actions of this sort and that the United States has not thereby or otherwise waived its sovereign immunity. It is now well settled that section 2410 does not provide a vehicle for a taxpayer to question the validity of a tax assessment or lien. Quinn v. Hook,

[1] "(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

231 F.Supp. 718 (E.D.Pa.1964), aff'd 341 F.2d 920 (C.A.3, 1965); Falik v. United States, 343 F.2d 38 (C.A.2, 1965); Broadwell v. United States, 234 F.Supp. 17 (E.D.N.C.1964), aff'd 343 F.2d 470 (C.A.4, 1965); Floyd v. United States, 241 F.Supp. 996, 997 (W.D.S.C.1965).

Recognizing the authority and impact of these cases, plaintiff argues that she is not, in fact, a "taxpayer" but that her husband is the taxpayer and hence that she may invoke the provisions of section 2410. This approach, however, is merely an indirect method of questioning the validity of a tax lien levied against what is admittedly the property of the plaintiff, and though indirect, it is nonetheless an attack on the validity of the assessment by one against whom a lien has been levied. The government asserts that plaintiff is, in fact, the taxpayer, and not without reason. The plaintiff admittedly applied for an identification number with both the federal government and the Pennsylvania Unemployment Compensation Fund. She admittedly filed employer's tax returns as the operator of the roofing business from 1957 until about July 1962. The liens were for 1960 taxes, obviously embracing the period during which the plaintiff held herself out as the operator of the roofing business. Thus, by stating that she is not the taxpayer, the plaintiff merely argues the conclusion that she wishes to have reached in this law suit,—that the lien is not valid.

As we have said, where the government asserts that a given individual is the taxpayer and levies against the property of that person, section 2410 cannot be construed as waiving the government's immunity in a suit to question the validity of that lien. Plaintiff's case is significantly similar to Floyd v. United States, 241 F.Supp. 996 (W.D.S.C.1965). There, the plaintiff alleged that the government erroneously claimed that he and his wife owned and operated a certain supper club as partners and that as a partner the plaintiff was liable for the payment of certain cabaret taxes, penalties and interest. He further alleged that certain real property owned by the plaintiff individually had been seized by the defendant for the purpose of selling the property for the payment of the taxes due. Plaintiff alleged that his wife had always been the sole owner of the supper club, that he had never been a partner in nor had any other interest in the business and owed no taxes due therefrom. The court said, at pages 998 and 999:

"* * * The main thrust of plaintiff's contention is that under the facts alleged in the complaint plaintiff herein is not in reality a 'taxpayer' since he at no time owned any interest in the supper club against which the taxes were assessed, and under no circumstances could he be liable for the alleged taxes; consequently, defendant has wrongfully and illegally levied upon his property for the taxes due and owing by his wife, who was the sole owner and operator of said supper club; and that he is entitled to maintain this action to quiet title to his real estate, and to remove the cloud of the federal tax lien therefrom. Plaintiff strongly urges that defendant has waived its sovereign immunity to such action and has consented to be sued in this court under the provisions of Title 28 U.S.C. § 2410 [a].

* * * * * *

"After a careful study and consideration of briefs submitted by counsel for both parties, and after reading and studying the cases and authorities cited therein, this court can reach no conclusion other than that this is essentially a suit to determine the validity of the tax assessed against the plaintiff by the defendant, and that the defendant has not withdrawn its sovereign immunity to such an action under the provisions of Section 2410[a], supra. * * *"

So here, we conclude that this is a suit to determine the validity of the tax assessed against the plaintiff, and that the defendant has not withdrawn its sover-

eign immunity under the provisions of section 2410(a).

 Nor does this court have jurisdiction to entertain the plaintiff's second ground for relief, an injunction against the collection of the tax. Section 7421(a) of Title 26 U.S.C. provides "except as provided in Sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." Admittedly section 6212 (a) and (c) and section 6213(a) are not applicable here. Thus, this case falls squarely within the broad interdiction of section 7421(a) prohibiting a suit for the restraint against the collection or assessment of any tax. The clear terms of that section can be avoided only where it is clear that under no circumstances could the government ultimately prevail and this is to be determined on the basis of the information available to the government at the time of suit; otherwise, the complaint must be dismissed. Enochs v. Williams Packing and Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L. Ed.2d 292 (1962). As the Court said in Enochs, at pages 7 and 8, 82 S.Ct. at page 1129:

> " * * * To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund. And to permit even the maintenance of a suit in which an injunction could issue only after the taxpayer's non-liability had been conclusively established might 'in every practical sense operate to suspend collection of the * * * taxes until the litigation is ended.' * * * "

 Here, it cannot conceivably be said that the government was guilty of bad faith or that there is no possibility that it cannot establish its claim. The plaintiff certainly held herself out as the operator of the business from 1957 to 1962. We have only to look at the government's own records of tax returns assembled through the actions of the plaintiff herself to determine that she did, in fact, file the tax returns as the operator of the business. Here, the assessment was made in good faith and the government claims that it is valid. Section 7421 prohibits us from entertaining a suit to enjoin the collection of the tax.

For the foregoing reasons the motion of the government to dismiss will be granted.