UNITED STATES of America,
Plaintiff,

v.

Vera R. MAXWELL and Hugh Stanton Parker, Administrator of the Estate of John H. Maxwell, Defendants.

Civ. A. No. CA–4–1061.

United States District Court,
N. D. Texas,
Fort Worth Division.

May 26, 1971.

Eldon B. Mahon, U. S. Atty., William E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff.

R. B. Cannon, Fort Worth, Tex., for defendants.

ROBERT M. HILL, District Judge.

## MEMORANDUM OPINION

This is a civil action brought by the United States to reduce to judgment tax assessments in the amount of $313,631.45 against John H. and Vera R. Maxwell.

### I. FACTS

On March 24, 1959, a jeopardy assessment was entered against both the Maxwells pursuant to 26 U.S.C. § 6861 for the major portion of the taxes involved in this action.[1]

On August 3, 1959, the taxpayers appealed the assessment to the Tax Court of the United States. The Tax Court rendered its decision in favor of the United States on December 30, 1964. John H. Maxwell and Vera R. Maxwell v. Commissioner, 23 CCH Tax Ct.Mem. 1895 (1964).

While the litigation was pending in the Tax Court, the taxpayers submitted an offer of compromise to the District Director. The Director received the offer May 13, 1961, and rejected the offer on October 6, 1961.

The taxpayers submitted a second offer of compromise after the decision of the Tax Court was rendered. The Commissioner received the offer on April 13, 1966.

On March 16, 1967, John H. Maxwell died.

On April 13, 1967, the District Director rejected the second offer of compromise.

On August 9, 1968, Hugh Stanton Parker was appointed administrator of John H. Maxwell's estate, and the Government filed this suit.

### II. ISSUES

After discovery was completed, the parties agreed that the sole issue in this case was whether the action is barred by the statute of limitations. The parties submitted motions for summary judgment and supporting briefs.

In March 1971 defendant requested leave to include in her pleadings information of a new tax law entitled "Joint Income Tax Liability of Innocent Spouses." Act of January 12, 1971, Pub.L. No. 91–679, 84 Stat. 2063, amending 26 U.S.C. § 6013 (1954). The Court agreed to consider the effect of this law in the present case.

Thus two questions are in issue. First, this Court must determine whether the Government's suit is barred by the statute of limitations provided in 26 U.S.C. § 6502. Second, if the Government's action is not barred, this Court must determine whether the new tax law is applicable.

### III. OPINION

#### A. The Statute of Limitations.

The Government had six years to bring suit against the Maxwells after the jeopardy assessment was rendered. 26 U.S.C. § 6502(a) (1).[2] Suit was instituted 9 years, 4 months, and 16 days after the jeopardy assessment was entered. The Government contends that the statute of limitations was tolled and that this suit is timely.

---

1. The amount of $2,021.17 was assessed on April 23, 1965.

2. For the purpose of determining whether the statute of limitations has run, this Court has computed the number of days in the period of time from March 24, 1959, through March 23, 1965. Six years of 365 days each equals 2,190 days. Because 1960 and 1964 were leap years, this Court holds the Government had 2,192 days in which to file suit.

Dates preceded by the word "from" are included in computations; those preceded by the word "until" are omitted.

There are four events that could toll the statute:

(1) The pendency of this case before the Tax Court from August 3, 1959, until December 30, 1964, and 60 days thereafter, as provided by 26 U.S.C. § 6503(a)(1);

(2) The pendency of the first compromise offer from May 13, 1961, until October 6, 1961, and one year thereafter, as provided by the terms of the compromise offer;

(3) The pendency of the second compromise offer, from April 13, 1966, until March 16, 1967, the date of Mr. Maxwell's death, or until April 13, 1967, the date of the Commissioner's rejection of the second offer, and one year thereafter;

(4) The death of Mr. Maxwell on March 16, 1967, for one year, until March 16, 1968, as provided by Vernon's Ann.Tex.Rev.Civ.Stat.Ann. art. 5538 (1958). Article 5538 states that limitations shall be tolled for 12 months following the death of one involved in a lawsuit, "unless an administrator or executor shall have sooner qualified * * *."

### 1. *The Tax Court Review*

■ Section 6503(a)(1) of the 1954 Internal Revenue Code provides in relevant part:

> The running of the period of limitations * * * shall * * * be suspended for the period during which the Secretary or his delegate is prohibited from making the assessment * * * (and in any event, if a proceeding in respect of a deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

Defendant contends that the provisions of § 6503(a)(1) do not apply to jeopardy assessments. The case of United States v. Shahadi, 340 F.2d 56 (3rd Cir. 1965) is controlling. That case specifically holds that the statute of limitations is suspended while taxpayers seek review of jeopardy assessments in Tax Court.

To hold otherwise would result in a hardship to taxpayers. If the statute were not tolled during appeal, the Commissioner would be forced to seek immediate collection of deficiency judgments, whether or not they were being contested. It seems Congress did not intend this result.

■ This Court holds that the statute of limitations began to run the date the jeopardy assessment was rendered, March 24, 1959, and ran until the Maxwell's petition was filed in Tax Court on August 3, 1959, or for 132 days.

| March | 8 |
|---|---|
| April | 30 |
| May | 31 |
| June | 30 |
| July | 31 |
| August | 2 |
| | 132 |

The statute was tolled from August 3, 1959, until February 28, 1965, 60 days after the Tax Court decision was rendered.

■ The statute recommenced running on February 28, 1965, and ran until August 9, 1968, the date this suit was filed, or for 1,258 days.

| Feb. 28, 1965 – Feb. 27, 1966 | 365 |
|---|---|
| Feb. 28, 1966 – Feb. 27, 1967 | 365 |
| Feb. 28, 1967 – Feb. 27, 1968 | 365 |
| Feb. 28, 1968 – Feb. 29, 1968 * | 2 |
| March 1968 | 31 |
| April | 30 |
| May | 31 |
| June | 30 |
| July | 31 |
| August | 8 |
| | 1,258 |

* 1968 was a leap year.

Thus a total of 1,390 (132 + 1,258) days have run of the possible 2,192 days the

Government had in which to file suit, and this suit is timely without regard to any other alleged tollings of the statute.

### 2. The Offers of Compromise

In the alternative, assuming that the statute was not tolled by the Tax Court review of the jeopardy assessment, the two compromise offers made by the Maxwells have rendered this suit timely.

 The first compromise offer was received by the Commissioner on May 13, 1961, and was rejected on October 6 of that year. This first offer suspended the statute from May 13, 1961, until October 6, 1962.

The second compromise offer was received by the Commissioner on April 13, 1966. Defendant contends the offer was terminated by the death of John Maxwell on March 16, 1967, while the Government contends that only the Commissioner's rejection of the offer on April 13, 1967, ended the tolling of the statute of limitations.

 This Court feels that the Commissioner's rejection of the offer recommenced the running of the statute. First, the purpose of the statute is to permit the Commissioner to consider compromise offers with care. It would seem inequitable for the statute to recommence running without the knowledge of the Commissioner. Second, the deficiency judgment in question was rendered against both John H. and Vera R. Maxwell. The offers of compromise were signed by both taxpayers. The death of John H. Maxwell could, arguably, terminate his offer, but would not terminate that of his wife. Thus the second offer of compromise tolled the statute from April 13, 1966, until April 13, 1968.

In the alternative to the Court's primary holding, based on suspension of the statute during the Tax Court appeal, this Court holds that the statute of limitations began to run on March 24, 1959, and ran until May 13, 1961, the date the

first compromise offer was received by the Commissioner, or for 781 days.

| | |
|---|---|
| March 24, 1959 – March 23, 1960 | 366 * |
| March 24, 1960 – March 23, 1961 | 365 |
| March 24, 1961 – March 31, 1961 | 8 |
| April | 30 |
| May | 12 |
| | 781 |

\* 1960 was a leap year.

The statute was tolled from May 13, 1961, until October 6, 1962, one year after the compromise offer was rejected.

The statute recommenced running on October 6, 1962, and ran until April 13, 1966, the date the second compromise offer was received, or for 1,285 days.

| | |
|---|---|
| Oct. 6, 1962 – Oct. 5, 1963 | 365 |
| Oct. 6, 1963 – Oct. 5, 1964 | 366 * |
| Oct. 6, 1964 – Oct. 5, 1965 | 365 |
| Oct. 6, 1965 – Oct. 31, 1965 | 26 |
| November | 30 |
| December | 31 |
| January 1966 | 31 |
| February | 28 |
| March | 31 |
| April | 12 |
| | 1,285 |

\* 1964 was a leap year.

The statute was tolled from April 13, 1966, until April 13, 1968, one year after the second compromise offer was rejected.

The statute recommenced running on April 13, 1968, and ran until August 9, 1968, the date suit was filed by the Government in this case, or for 118 days.

| | |
|---|---|
| April 13 – 30 | 18 |
| May | 31 |
| June | 30 |
| July | 31 |
| August | 8 |
| | 118 |

Thus the statute has run 2,184 (781 + 1,285 + 118) days of a possible 2,192 days and this suit is timely.

### 3. The Death of John H. Maxwell

This Court has determined that this suit is timely on the two independent bases discussed above. It is therefore

unnecessary to consider whether the statute was tolled for one year after the death of John H. Maxwell. Any expressions on this matter would be pure *dicta*.

### B. *The New Tax Law*

Congress amended 26 U.S.C. § 6013, entitled "Joint returns of income tax by husband and wife," in January of 1971. Act of January 12, 1971, Pub.L. No. 91–679, 84 Stat. 2063 (codified at 26 U.S.C. § 6013(e)). This amendment provides that a spouse who can prove ignorance of his spouse's misrepresentations may be relieved of income tax liability in certain cases. The Act applies to all taxable years to which the Internal Revenue Code of 1954 or 1939 applies.

The Government does not challenge the applicability of the statute, but contends that the statute is inapplicable because the Tax Court decision is *res judicata* as to the tax liability of Mrs. Maxwell.

There have been no regulations promulgated to interpret this new statute. The brief legislative history of the statute states, however, that the bill "does not open a year which has been closed by the statute of limitations, *res judicata*, or otherwise.[3]

■ The Tax Court rendered the decision in question in December 1964. This decision is unquestionably final, as the taxpayers made no appeal to the United States Court of Appeals.[4] Because the Tax Court decision was rendered against both John H. and Vera R. Maxwell, this Court feels that the new statute does not permit reconsideration of the tax liability of Mrs. Maxwell.

It is therefore the opinion of this Court that this suit is timely, that Pub.L. No. 91–679 affords no relief to Vera R. Maxwell, and that Vera R. Maxwell is indebted to the United States in the amount of $313,631.45. The attorney for the Government is requested to prepare an appropriate order and submit it to the Court.

3. S.Rep.No.91–1537, 91st Cong., 2d Sess. 4 (1970).

4. 26 U.S.C. § 7483 provides in relevant part: "The decision of the Tax Court

may be reviewed by a United States Court of Appeals * * * if a petition for such review is filed within 3 months after the decision is rendered."