Sophie **SYLK**

v.

**UNITED STATES of America.**

**Civ. A. No. 71–1070.**

United States District Court, E. D. Pennsylvania.

Sept. 13, 1971.

Barry E. Ungar, Marc Kapustin, Philadelphia, Pa., for plaintiff.

Warren Malloy, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

Plaintiff, Sophie Sylk, instituted this suit seeking to enjoin the United States from exposing to sale her sole property levied upon pursuant to a tax assessment rendered against her and her husband, Albert Sylk, by the Commissioner of Internal Revenue, and seeking further to compel defendant to withdraw all levies on her property. The United States has moved to dismiss the complaint under Rule 12, F.R.Civ.P., asserting that this court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted. The motion will be granted.

The facts out of which this controversy arises are set forth in the pleadings and are not in dispute. The parties

agree that the issue is purely one of statutory construction.

After being jointly assessed for certain tax deficiencies and fraud penalties by the Commissioner of Internal Revenue, Albert and Sophie Sylk petitioned the Tax Court of the United States for a redetermination of their liability for the years 1957 through 1961. On January 6, 1970, the Tax Court, upon stipulation of all parties before it, entered a final order fixing the amount of joint liability at $127,814.53. No appeal from that judgment was taken pursuant to the provisions of 26 U.S.C. §§ 7481 and 7483, and, accordingly, three months thereafter, to wit, April 1970, the judgment against the Sylks became final. Sometime thereafter, the Internal Revenue Service levied upon Sophie Sylk's sole assets to satisfy the judgment.

The problem in this case is created by the fact that on January 12, 1971, approximately nine months after the Tax Court judgment against the Sylks became final, Congress amended the Internal Revenue Code to relieve from liability for tax for deficiencies resulting from omissions from gross income in a joint return, spouses who did not know or have reason to know of the omission. This was accomplished by the enactment of § 6013(e).[1] Relief from fraud penal-

ties was granted to innocent spouses at the same time by the amendment of § 6653(b).[2]

(a) *Subject Matter Jurisdiction.*

■   The first ground for the government's motion to dismiss is that this court lacks jurisdiction to entertain this suit to enjoin collection of a tax by the United States. The government's contention is based upon § 7421 of the IRC which provides, in pertinent part:

> "§ 7421.   Prohibition of suits to restrain assessment or collection
>
>    (a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

In Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, at p. 7, 82 S.Ct. 1125, at p. 1129, 8 L.Ed.2d 292, reh. denied, 370 U.S. 965, 82 S.Ct. 1579, 8 L.Ed.2d 833 (1962), it was stated:

> "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to

---

1.  Section 6013 provides, in pertinent part:
    "§ 6013.   Joint returns of income tax by husband and wife
    \*      \*      \*      \*      \*
    (e) Spouse Relieved of Liability in Certain Cases.—
    (1) In general.—Under regulations prescribed by the Secretary or his delegate, if—
    (A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,
    (B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and
    (C) taking into account whether or not the other spouse significantly bene-

fitted directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,
then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income."

2.  § 6653(b) was amended by the addition of the provision:
    "In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse."

require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue." (Footnote omitted.)

See Floyd v. United States, 241 F.Supp. 996 (W.D.S.C.1965), aff'd, 361 F.2d 312 (4th Cir. 1966); Stricker v. Bickerstaff, 278 F.Supp. 460 (N.D.Okla.1968).

Plaintiff contends that this court does have jurisdiction over this suit, either under § 7426, a legislatively created exception to § 7421, or under a judicially declared exception based upon traditional concepts of equity jurisprudence.

#### (i) *Legislative Exception.*

Section 7426 of the IRC provides, in pertinent part:

"§ 7426. Civil actions by persons other than taxpayers

(a) Actions permitted.—

(1) Wrongful levy.—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in * * * such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

\* \* \* \* \* \*

(b) Adjudication.—The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances:

(1) Injunction.—If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale.

\* \* \* "

■ Plaintiff's reliance on § 7426 is misplaced. The intent of Congress in enacting that section was to afford a forum for relief to a third person whose property was wrongfully levied upon to satisfy a tax lien lodged against a taxpayer. Whittaker Corp. v. United States, CCH 1971 Stand.Fed.Tax Rep., U.S.Tax Cas. (71–1, at 85,606) ¶9123 (S.D.Mich. Dec. 12, 1970). The legislative history of § 7426 confirms that the section was to apply only where "the government wrongfully levied upon [a third person's] property to satisfy the tax liability of another." S.Rep.No. 1708, 89th Cong.2d Sess. 30 (1966) U.S.Code Congressional & Admin. News, p. 3751. "Wrongful" as used in § 7426 "refers to a proceeding against property *which is not the taxpayer's.*" Id. (Emphasis added.)

Plaintiff is clearly a person "against whom is assessed the tax out of which [the] levy arose," § 7426 *supra.* At the time the tax was assessed against her an innocent spouse shouldered tax liability for the defalcations of the other spouse, so the tax was properly assessed and the levy was not "wrongful" as to her. It is the existence of the assessment against her and the proceeding against her property which puts her outside § 7426 and disqualifies her from maintaining this action. Baime v. United States, CCH 1971 Stand.Fed.Tax Rep., U.S.Tax Cas. (71–1 at 85,800) ¶9185 (C.D.Calif. Nov. 24, 1970); Whittaker Corp. v. United States, *supra.* Compare Gordon v. United States Treas. Dept., et al., 322 F. Supp. 537 (E.D.N.Y.1970).

■ It is urged further that, by amending §§ 6013 and 6653, Congress impliedly amended § 7426 to authorize suits by innocent spouses. The answer to that is that had Congress intended to amend § 7426 it would have done so specifically, and not by implication. Repeals or qualifications by implication, at least in so far as the income tax laws are concerned, are not favored. White's Will v. Commissioner of Internal Revenue, 142 F.2d 746 (3d Cir. 1944). See Sabine Transp. Co., Inc. v. C. I. R., 128 F.2d 945 (5th Cir. 1942), aff'd, Helvering v. Sabine Transp. Co., 318 U.S. 306, 63 S.Ct. 569, 87 L.Ed.2d 773 (1943).

See also Helvering v. Credit Alliance Corp., 316 U.S. 107, 62 S.Ct. 989, 86 L. Ed. 1307 (1942). In support of her contention that § 7426 was amended by implication, plaintiff argues that a contrary construction would deny her a forum for relief since the Tax Court has no jurisdiction to reopen her case now that the appeal period has expired. This argument, while evoking sympathy, is not at all persuasive. Denial of a forum for relief in cases where time for appeal has expired is, in this court's view, consistent with the statutory scheme. See the discussion *infra* under "res judicata."

### (ii) *Equitable Exception.*

Despite the explicit prohibition of § 7421 barring any "suit for the purpose of restraining the assessment or collection of any tax * * *", the Supreme Court has held that the District Court has the power, under notions of traditional equity jurisprudence, to restrain the assessment or collection of a tax where a valid tax could by no legal possibility have been assessed and where, in addition, "special and extraordinary circumstances" exist. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S. Ct. 260, 76 L.Ed. 422 (1932). In defining the contours of that decision, the Supreme Court stated that jurisdiction to issue an injunction may be exercised "if it is clear that under no circumstances could the Government ultimately prevail * * * and, under the *Nut Margarine* case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.'" Enochs v. Williams Packing Co., 370 U.S. at page 7, 82 S.Ct. at page 1129.

Plaintiff contends that she is entitled to injunctive relief under these principles since the sale of her sole assets will cause her irreparable harm and the tax is clearly illegal as to her. Assuming, *arguendo,* that she will suffer irreparable harm by the sale of her sole property, plaintiff fails to qualify for relief under the principles above enunciated because she cannot establish that the tax assessed against her is "clearly illegal." See Floyd v. United States, 241 F.Supp. 996 (W.D.S.C.), aff'd, 361 F.2d 312 (4th Cir. 1965); McCann v. United States, 248 F.Supp. 585 (E.D.Pa.1965). See also Mensik v. Long, 261 F.2d 45 (7th Cir. 1958). Plaintiff's argument that the tax against her is illegal is based, of course, on the recent legislation granting relief to "innocent spouses." It is clear, however, that both at the time the assessments were made and at the time the judgment of the Tax Court became final, the law did not provide for relief from liability on a joint return for a spouse, no matter how innocent. No more is required of the government than that it act in good faith. Enochs v. Williams Packing Co., *supra.* The government acted in good faith in assessing the tax against both plaintiff and her husband and it observed all the requirements of the law in causing a final legal determination of that tax liability to be made. Only the clearest of expressions by Congress of an intention to make such action retroactively illegal would warrant a conclusion that the tax here was clearly illegal. That Congress did not do this is clear from the legislative history of the innocent spouse legislation. See discussion, *infra,* under "res judicata."

### (b) *Res Judicata (Failure to state a claim upon which relief can be granted).*

The second ground for the government's motion to dismiss is that the complaint fails to state a claim upon which relief can be granted since the provisions of § 6013(e) and § 6653(b), as recently amended, are not available to plaintiff because of the doctrine of res judicata. Since it has already been ruled that the action must be dismissed for lack of jurisdiction, this separate ground for dismissal is considered only in the event that it may ultimately be held that this court does have jurisdiction.

At the outset, plaintiff questions the propriety of a motion to dismiss on this ground, contending that res judicata is an affirmative defense which must be raised by answer, and not by a motion under Rule 12. This contention need not detain us. It is based upon Rule 8(c) which requires that the defense of res judicata, *inter alia*, must be affirmatively set forth in pleading to a preceding pleading. That Rule does not, however, preclude raising the matter by motion to dismiss where, as here, the facts underlying the claim of res judicata have been pleaded by plaintiff in his complaint.

As noted at the outset, an order, by consent, assessing income tax deficiencies and fraud penalties jointly against plaintiff and her husband was entered in January 1970. The order was not appealed from and, in April 1970, became a final judgment of the United States Tax Court, closing the tax liability of plaintiff for the years in question (1957–61) and making it res judicata as to any subsequent proceeding involving the issue of tax liability for those years. United States v. Maxwell, 330 F.Supp. 1253 (C.D.Tex.1971). See United States v. International Bldg. Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182, reh. denied, 345 U.S. 978, 73 S.Ct. 1120, 97 L.Ed. 1392 (1953); Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); White's Will v. Commissioner of Internal Revenue, 142 F.2d 746 (3d Cir. 1944).

It was *after* the determination of plaintiff's tax liability for the years in question became final that Congress, in January 1971, enacted the legislation granting relief to spouses in "certain cases." The legislation itself is silent as to the extent of its applicability, but the legislative report indicates that the bill is to have retroactive effect except that it "does not open a year which has been closed by the statute of limitations, res judicata, or otherwise." S.Rep.No. 91–1537, 91st Cong., 2d Sess. 4 (1970) U.S. Code Congressional and Admin.News, p. 6093.

To avoid the impact of res judicata, plaintiff points out that the levies here were based on a stipulation consented to by plaintiff and her husband and argues that "[t]o now bind plaintiff to that voluntary consent decree would be to hold that plaintiff waived, by her consent, the right, which she otherwise would have, to have the 'innocent spouse' statute applied to her retroactively." [3] Smith v. Yeager, 393 U.S. 122, 89 S.Ct. 277, 21 L.Ed.2d 246 (1968) is then cited for the proposition that one may not waive a retroactive right which did not exist at the time of the alleged waiver. The argument is ingenious, but the fatal flaw in it is that Smith v. Yeager dealt with the alleged waiver of a *constitutional right* which was not then known to exist, whereas we are here dealing with a matter of legislative grace which did not, in fact, exist until, and then only to the extent that, Congress created it by legislation. It was within Congress' power to grant no relief at all to "innocent spouses;" or to grant relief prospectively only; or to grant complete retroactive relief; or, as it did here, to grant limited retroactive relief. To accept plaintiff's argument would be to extend relief to all cases in which innocent spouses were involved. It would lead to a re-opening of all cases including those in which payment has been made, or as to which the statute of limitations has run, for in each of those cases the argument could be advanced that payment was made, or time was permitted to lapse, because the taxpayer was not aware that Congress was going to grant relief to innocent spouses. Congress obviously intended no such result.

In summary, were it to be determined that this court has jurisdiction, the complaint would be subject to dismissal for

---

3. Third page, Plaintiff's Memorandum in Opposition to Defendant's Motion for Dismissal of Complaint.

failure to state a claim upon which relief can be granted because the claim would be barred by the doctrine of res judicata.