**Jane C. ROSENBAUM**

v.

**UNITED STATES of America.**

**Civ. A. No. 72–587.**

United States District Court,
D. Maryland.

July 26, 1972.

As Amended Sept. 29, 1972.

John P. Diuguid, Joel M. Savits and Carr, Bonner, O'Connell, Kaplan, Thompson & Diuguid, Rockville, Md., for plaintiff.

George Beall, U. S. Atty., D. Md., Michael E. Marr, Asst. U. S. Atty., Richard F. Mitchell, Trial Atty., Tax Div., Dept. of Justice, and John Mullenholz, Dept. of Justice, for defendant.

NORTHROP, Chief Judge.

Invoking the jurisdiction of this Court pursuant to 26 U.S.C. § 7426 and 28 U. S.C. § 1346(e), plaintiff, Jane C. Rosen-

baum, seeks to enjoin collection of a jeopardy assessment made against her by the District Director of the Internal Revenue Service and to have federal tax liens withdrawn from her property. Defendant has filed a motion to dismiss, asserting a lack of jurisdiction in this Court to award the relief prayed.

The facts, as recited in the pleadings, are as follows: In 1969, plaintiff's husband pled guilty to nine counts of conspiracy to defraud the Government, as a result of which he is presently serving a term of imprisonment in a federal institution. On February 7, 1972, the Internal Revenue Service, evidently feeling that Rosenbaum had made a substantial sum of money from these illegal activities which went unreported on his annual returns, made a jeopardy assessment against the plaintiff for alleged deficiencies in the years 1963 to 1967, so that federal tax liens attach to property solely owned by the plaintiff. In each such year plaintiff and her husband had filed joint returns. The statutory notice of deficiency was sent to plaintiff on April 3, 1972, excluding her from fraud penalties pursuant to § 6653(b) of the Code. Plaintiff then filed this suit in which she asserts that she falls within the "innocent spouse" exception of § 6013 (e). Coupled with the great harm she is suffering in being denied the means with which to support both herself and her three children, she claims entitlement to a removing of these levies.

In seeking this relief, plaintiff must overcome the bar of Section 7421 of the Code which provides:

> Except as provided in sections . . . 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such tax was assessed.

Sections 7426(a) and (b) (1) provide that injunctive relief may issue

> [i]f a levy has been made on property . . . any person (*other than the person against whom is assessed the tax out of which such levy arose*) who claims an interest in . . . such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. [Emphasis added].

Plaintiff affies that at the time of the assessment, she was an "innocent spouse" within the meaning of § 6013(e), thereby voiding the legality of the assessment and allowing her to sue pursuant to the above exception to § 7421. The Government takes the position that the tax in question was assessed against her and that consequently, by the express language of the statute, she is not entitled to bring this action.

The Government's interpretation is supported by the legislative history, the case law interpreting this statute, and policy considerations. In Senate Report 1708, 1966 U.S.Code Cong. and Admin. News, p. 3751 (2d Sess. 89th Cong.), we find the following:

> (1) Actions permitted (sec. 7426(a) of the code)
>
> The bill makes provisions for three new types of actions all of which may be brought only in Federal courts. First, where a person claims the Government wrongfully levied upon his property to satisfy the tax liability of another, the bill provides that he may bring suit against the Government. "Wrongful" as used here, refers to a proceeding against property which is not the taxpayer's.

Taking guidance from this language, the Court in Sylk v. United States, 331 F. Supp. 661 (E.D.Pa.1971), concluded that the intent of Congress in this amendment was to provide "a forum for relief to a third person whose property was *wrongfully* levied upon to satisfy a tax lien lodged against a taxpayer."

■ This Court is led inexorably to the conclusion that § 7426(a) is not available to the present plaintiff. Contrary to the express language of that section, she *is* a "person against whom

874

is assessed the tax out of which the levy arose" by her own admission. Plaintiff must be deemed to be the taxpayer in the present proceeding because, having filed a joint return with her husband for the years in question, she is deemed jointly and severally liable for any tax due. I.R.C. § 6013(d) (3). Consequently, referring back to the definition of "wrongful" in the above Senate report, plaintiff cannot assert that the levy was made "against property which is not the taxpayer's." As was the case in *Sylk*, "[i]t is the existence of the assessment against her and the proceeding against her property which puts her outside § 7426 and disqualifies her from maintaining this action." 331 F.Supp. at 664. *See also* Baime v. United States, 71–1 U.S.Tax Cas. ¶ 9185 (C.D.Cal. 1970); Whittaker Corp. v. United States, 71–1 U.S.Tax. Cas. ¶ 9123 (S.D.Mich. 1970).

■ Aside from this legalistic deduction, policy considerations would lead to the same conclusion. The purpose of Section 7421 is to allow the Government to collect taxes without judicial intervention, postponing the determination as to the legality of that action until a later date. Enochs v. Williams Packing and Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). To adopt plaintiff's position would effectively destroy this purpose. The result would be that any taxpayer against whom an assessment had been made would be able to come into this Court, make a mere representation that the Internal Revenue Service had erred in making the assessment, and be entitled to the full use of his property pending a final determination of the dispute. The Tenth Circuit, fearing precisely this, met the issue foursquare in Williams v. Wiseman, 333 F.2d 810 (10th Cir. 1964), a suit in which plaintiff sought injunctive relief against the enforcement of a tax lien. He argued that this equitable relief should be granted, notwithstanding the bar of § 7421 "because the taxes reflected by the tax lien were unlawfully assessed," and in support of this position,

he simply denied any liability for the taxes in question. Judge Murrah, speaking for the Court, said:

> The assessment of the tax is, of course, presumptively correct and in order to establish federal court jurisdiction for injunctive relief, more is required than bare allegations of illegality, even though such allegations may ultimately be sustained. [333 F. 2d at 811].

Moreover, if this Court were to accept the basic theory of plaintiff but allow evidentiary matter to be introduced on the issue of the allegedly wrongful assessment, the result would be to allow her to circumvent the statutory procedure provided in the Code whereby the taxpayer is required to petition the Tax Court for a redetermination. *Cf.* Trent v. United States, 442 F.2d 405 (6th Cir. 1971). Consequently, plaintiff's attempt to bootstrap herself by utilizing the yet unproved legal conclusion as a springboard to relief here must fail.

For similar policy reasons, and for the following legal reason, the Court concludes that the narrow judicial exception to the prohibition in Section 7421 announced in Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932) and modified in Enochs v. Williams Packing and Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L. Ed.2d 292 (1962), is likewise not available to plaintiff. The *Miller* exception is to be invoked only

> if it is clear that under no circumstances could the Government ultimately prevail . . .. [370 U.S. at 7, 82 S.Ct. at 1129].

*Enochs* also provides the necessary guidance for application of this standard:

> We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an

injection be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. [370 U.S. at 7, 82 S.Ct. at 1129].

The determination of plaintiff's "innocent spouse" status must be the result of a thorough fact-finding process because the requirements for so qualifying as such are subtle ones. "The fact that [she] might win [her] cases is not enough . . . to bring [her] within the *Enochs* exception." Trent v. United States, *supra*, at 406. *See also Williams, supra*; Licavoli v. Nixon, 312 F.2d 200 (6th Cir. 1963). In such a case, this Court cannot justifiably conclude the existence of the requisite certainty mandated by *Enochs* which would allow the plaintiff to escape the bar of § 7421.

Therefore, the Court must conclude that Section 7421 stands as a jurisdictional bar to the relief prayed, and defendant's motion to dismiss is hereby granted. Having so determined, it is unnecessary to decide whether equitable jurisdiction otherwise exists.