**Agnes D. TURNER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 82–0013–C.**

United States District Court, W.D. Virginia, Charlottesville Division.

Dec. 23, 1982.

Robert M. Musselman, Charlottesville, Va., for plaintiff.

Jean B. Weld, Office of U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The plaintiff, Agnes D. Turner, instituted this suit seeking relief from a judgment rendered against her (and her ex-husband) in the United States Tax Court on April 4, 1980. She has asked this court, for reasons discussed *infra,* to relieve her of her liability under the Tax Court's judgment and seeks further to compel the United States to release the lien which they have placed on her home in order to collect on the Tax Court's judgment. The United States has moved for summary judgment in this matter under Rule 56 of the *Federal Rules of Civil Procedure* and the court heard oral argument on this motion on November 16, 1982. The motion will be granted.

I.

The genesis of this suit can be traced back to the plaintiff's tax returns for the years 1971 and 1972. Although these returns were not filed until after the plaintiff's divorce from her husband became final on January 14, 1975, they were nevertheless filed on a joint basis. According to the plaintiff's Memorandum in Opposition to the defendant's motion for summary judgment,[1] the attorney who represented the plaintiff in her divorce proceedings advised her to sign the joint returns, despite her fears about the consequences of so doing. In October of 1977, the Internal Revenue Service issued a notice of deficiencies with respect to the taxable years 1971 and 1972 to the plaintiff and her former husband. The plaintiff asserts that all of the income taxes claimed as deficient result from the transactions of a partnership and a corporation (1) in which her ex-husband was a principal owner, (2) in which the plaintiff had no knowledge or involvement, and (3) from which she received no economic benefit.

According to the plaintiff's Memorandum, her former husband took the initiative in obtaining legal counsel to object to the I.R.S. redetermination of the pair's tax liability for the years 1971 and 1972. According to the plaintiff's Memorandum, although the retained attorney undertook the representation of each of the taxpayers, he failed to advise the plaintiff of the potential conflict of interest on his part in attempting to represent both parties in the matter. Further, she alleges that the retained attorney failed to advise her of the progress of the case as it proceeded to the United States Tax Court, and failed to assert possible defenses plaintiff might have to the tax liability. For instance, the plaintiff, in her Memorandum, claims the attorney never raised the issue of whether the plaintiff could be excused from liability under the

---

1. The plaintiff, in her Memorandum, has set forth the background facts which led to the institution of this lawsuit. While some of these facts are not embraced in the record, through affidavits, deposition, or otherwise, the Court will, for purposes of this opinion, assume the correctness of the background facts so set forth.

"innocent spouse" rule of section 6013(e) of the Internal Revenue Code.[2]

On April 4, 1980, the U.S. Tax Court, in *David H. Turner, et ux. v. Commissioner,* Docket No. 678–78, entered a decision on the plaintiff's (and her husband's) petition pursuant to a stipulation filed by their joint attorney. It was determined that the plaintiff and her former husband's joint tax liability for 1971 and 1972 amounted to a total of almost $31,000. On February 2, 1981, the I.R.S. docketed a lien against the plaintiff's home in the Circuit Court of the City of Charlottesville. The plaintiff claims that the government has made no serious effort to collect any portion of the assessment from her former husband. As noted above, she has filed suit in this court seeking (1) to be relieved of her liability for the Tax Court's judgment, and (2) to compel the United States to release the lien which has been placed on her home.

It is well-settled that the party moving for summary judgment has the burden of demonstrating that the test of Rule 56(c)— "no genuine issue as to any material fact"— is satisfied and that the movant is entitled to judgment as a matter of law. Because this burden is on the United States in this case, the evidence presented to the court must be construed in favor of the plaintiff and she must be given the benefit of all favorable inferences that can be drawn from it. *See* C. Wright & A. Miller, *Federal Practice and Procedure,* § 2727 (West 1973). Even though the plaintiff has not technically presented any evidence, such as affidavits or depositions, to bolster her claim that the "innocent spouse" exception was never raised as a defense in her behalf before the Tax Court, the court will accept the assertion as true for the purposes of

this motion for summary judgment. The motion must nevertheless be granted.

## II.

■ The defendant has, in its brief, cited three different reasons why this suit should be dismissed as a matter of law: (1) the suit is barred by the doctrine of *res adjudicata* because the plaintiff has previously petitioned the Tax Court for redeterminations of her 1971 and 1972 tax liabilities; (2) the plaintiff cannot maintain a suit under 28 U.S.C. § 1346(a)(1) because the "pay first, litigate later" doctrine controls and she has failed to pay over the taxes which are at issue; and (3) this court is barred under the Anti-Injunction Act, section 7421(a) of the Internal Revenue Code, from enjoining the United States from seeking to foreclose upon a tax lien or taking other action to enforce such a lien. Because the suit must be dismissed on *res adjudicata* principles, the court does not address the defendant's second and third arguments.

■ In this suit, the plaintiff essentially seeks to relitigate her tax liabilities for 1971 and 1972, liabilities which were already litigated once before the Tax Court. Only by reaching a result favorable to plaintiff on the question of her tax liability can the plaintiff achieve the ends she seeks in this action. It makes no difference that the plaintiff's attorney allegedly failed to raise the innocent spouse exception before that Court. As the Supreme Court has stated with respect to *res adjudicata* principles:

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as

2. Even though, as observed *infra,* the plaintiff's suit must be dismissed even if the "innocent spouse" exception had not been raised in the Tax Court, this court undertook an independent examination of the negotiations which preceded the Tax Court's determination in *David H. Turner, et ux. v. Commissioner,* Docket No. 678–78 (Tax Ct. Apr. 4, 1980). It appears from certain worksheets, computations and other material in the file covering the activities of the Internal Revenue Service before the matter

reached the United States Tax Court that the plaintiff did not qualify as an innocent spouse because the omitted gross income did not exceed 25% of the reported gross income, which is a necessary condition in order to meet the terms of the innocent spouse exception under sections 6013(e)(2)(B) and 6501(e)(1)(A) of the Internal Revenue Code. This file was supplied to the Court for its inspection by agreement of counsel at oral argument on the motion now before the Court.

to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." (Citation omitted.) *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). Certainly, the United States Tax Court was in this case a court of competent jurisdiction, it entered a final judgment, and that judgment ruled on the merits of the cause. Nor is it of any consequence that the Tax Court decision was entered pursuant to a stipulation of the parties, for such a decision has a full *res adjudicata* effect. *See United States v. International Building Co.,* 345 U.S. 502, 505–06, 73 S.Ct. 807, 808–09, 97 L.Ed. 1182 (1952), reh. denied, 345 U.S. 978, 73 S.Ct. 1127, 97 L.Ed. 1392 (1953). As the defendant has observed in its brief, this action is closely akin to that in *Sylk v. United States,* 331 F.Supp. 661 (E.D.Pa. 1971), where a plaintiff brought suit in federal district court (1) to restrain the sale of property levied on by the I.R.S., and (2) to redetermine her tax liabilities for certain years which had already been determined by the U.S. Tax Court. The *Sylk* court ruled that it was without jurisdiction to entertain the suit under the Anti-Injunction Act, *id.* at 663, but notes as an alternative ground that even if it had jurisdiction, the judgment of the U.S. Tax Court was *res adjudicata* as to any subsequent proceedings involving the issue of tax liability for the years in question, *id.* at 666.

Accepting the plaintiff's assertions as true, she has presented a case engendering strong sympathy for her plight. There may have been misjudgments in her having been counselled to sign joint income tax returns well after her divorce had become final, and perhaps in not having had advanced in her behalf the "innocent spouse" exception before the United States Tax Court. The court expresses no opinion on these matters, but would observe that if the computations referred to in Footnote 2 *supra* are indeed correct, asserting such a defense in the United States Tax Court would have been fruitless, for the reasons set out in the footnote.

Even assuming that an inequitable result has come about in this particular case—a result which might be addressed in appropriate circumstances by the court sitting as a Chancellor—the court must still recognize and follow the clear and specific statute and case law set out, *supra.* Because those legal precedents are clear, the court must recall the ancient maxim that "Equity follows the Law" where the law is applicable to the facts at hand. Clearly, the law set out *supra* is applicable to the facts at hand, and the motion of the defendant must be granted.

The clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record in this proceeding.