**In the Matter of William H. DONAHUE, Anne E. Donahue, Debtors.**

**William H. DONAHUE, Anne E. Donahue, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Bankruptcy No. 3–87–02854. Adv. No. 3–87–0242.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 4, 1989.

Thomas R. Noland, W. Michael Conway, Dayton, Ohio, for debtor-in-possession.

Joan Rutkowski, Washington, D.C., Trial Atty. for Tax Division of U.S. Dept. of Justice.

### DECISION ON ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding arises in a case referred to this court by the Standing Order Of Reference entered in this district and is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B)—allowance or disallowance of claims (C)—counterclaims by the estate and (O)—other proceedings affecting the adjustment of the

debtor-creditor relationship. (*See also* 11 U.S.C. § 505).

The plaintiffs, William H. Donahue and Anne E. Donahue, are debtors in a pending Chapter 11 case. The defendant is the United States of America, specifically, the Commissioner of the Internal Revenue Service.

Pursuant to a prior Order (Doc. 23) fixing filing dates for motions for summary judgment, on June 1, 1989, the plaintiffs filed a Motion For Partial Summary Judgment accompanied by a memorandum and certain attachments (Doc. 29), and, thereafter, a notice of attachment of affidavit (Doc. 30). On June 29, 1989, the defendant filed a Motion For Leave To File Instanter Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment accompanied by a memorandum in opposition to plaintiffs' Motion For Partial Summary Judgment (Doc. 35) and a Notice Of Filing (Doc. 36). On July 17, 1989, the plaintiffs filed Objection To Defendant's Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment (Doc. 37).

On July 31, 1989, the court conducted a pretrial telephone conference with counsel for the plaintiffs and counsel for the defendant and granted the defendant's Motion For Leave To File Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment (Doc. 36B) and authorized the filing of Supplemental Memoranda (Doc. 38). On August 2, 1989, the plaintiff filed Notice Of Additional Authority Relating To Motion For Partial Summary Judgment (Doc. 39).

The defendant has determined a deficiency in the plaintiffs' individual income taxes in the amount of one hundred fifty seven thousand, eight hundred and fifty dollars and ninety-five cents ($157,850.95) for the year ending December 31, 1983 and in the amount of three hundred eight thousand, nine hundred and fifty-three dollars and seventy-four cents ($308,953.74) for the year ending December 31, 1984. The plaintiffs' Complaint requests a determination that "there is no deficiency in income tax or penalties due for the calendar years 1983 and 1984;" (Doc. 1).

The tax years ending December 31, 1983 and December 31, 1984 are not unfamiliar to the parties in this adversary proceeding. The debtor, William H. Donahue is the sole shareholder of the corporation Midwest Sports Medicine and Orthopedic Surgery, Inc. (the Corporation). The corporation has received a determination of its tax liability for the same tax years, 1983 and 1984, as a result of litigation in the United States Tax Court under Case No. 35519–87 *Midwest Sports Medicine and Orthopedic Surgery, Inc. v. Commissioner of Internal Revenue* (the tax court case).

The plaintiffs argue that as a result of the judgment in the tax court case principles of preclusion prevent the defendant from asserting certain claims in this adversary proceeding. Specifically, the plaintiffs argue that the tax court case resulted in a judicial determination that certain claimed expenses of the corporation were allowed in calculating the corporation's Federal income tax liability. The plaintiffs further argue that as a result of the tax court determination that allowed these expenses of the corporation, the defendant is precluded from asserting that these allowed expenses can constitute constructive dividends to the plaintiffs. As the plaintiffs' shorthand argument states, "[t]herefore, if an expenditure was a proper corporate expense, there should be no constructive dividend of that amount" (Doc. 29, pg. 3).

The defendant, while recognizing the validity and binding effect of the determination in the tax court case as to the corporation, argues that principles of preclusion are not appropriately applied in this adversary proceeding since the tax court decision was entered as a result of a settlement reached between the corporation and the Commissioner. Thus, there was no full and fair litigation resulting in an actual and necessary determination of the issues in dispute between the corporation and the Commissioner. The defendant's shorthand statement is, "[a]s explained above, the issues were not actually and necessarily decided in the tax court case" (Doc. 35, pg. 4).

While the court acknowledges that the general statements of law advanced by both parties are correct, as is often true, the application of these general statements of law to the specific issue in this proceeding is more complicated than either party suggests.

As a predicate to the determination of the Motion For Partial Summary Judgment it is important to review the documents originally presented in connection with the tax court case. Copies of these documents are attached to the Plaintiffs' Motion For Partial Summary Judgment (Doc. 29). Exhibit 1 is a four (4) page document containing handwritten calculations by an Internal Revenue Agent, Glenn Cantrell, and an Internal Revenue Service Form (Income Tax Examination Changes) which contains specific adjustments that correspond to the letter designations of the original statutory notice of deficiency dated August 4, 1987 concerning the corporation's taxable years ending December 31, 1983 and December 31, 1984. (The court notes that the corporation's annual tax year is the same as the plaintiffs' calender year.) Exhibit 1 particularly specifies the following adjustments to income for the year 1983: (A) Other Expenses—$64,896.00, (B) Repairs—0, (C) Employees Benefit Program—$600.00, and for the year 1984: (A) Other Expenses—$51,778.00 (B) Repairs—$30,385 (C) Employees Benefit Program—$3,475.00. These amounts which represent the amounts disallowed by the defendant, total sixty five thousand, four hundred ninety-six dollars ($65,496.00) for the taxable year ending December 31, 1983 and eighty five thousand, six hundred thirty eight dollars ($85,638.00) for the taxable year ending December 31, 1984.

Exhibit 2 consists of a three (3) page document titled Stipulation Of Settlement filed in the United States Tax Court on December 5, 1988 and bearing the signature of counsel for the plaintiffs and counsel for the defendant in the tax court case. This stipulation of settlement referred to the statutory notice of deficiency dated August 4, 1987 relating to the corporation's taxable years ending December 31, 1983 and December 31, 1984 and referred to the specific amounts of the adjustments concerning Other Expenses, Repairs and Employee Benefit Programs, which amounts corresponded directly to the adjustments on Exhibit 1. Exhibit 2 also contains a copy of correspondence from the District Counsel, Internal Revenue Service, Central Region to counsel for the corporation and recites, in part:

"Within the next several days, we plan to obtain a statement of account from the appeals office in Cincinnati, Ohio in order to undertake preparation of a decision document for filing with the court within the thirty (30) day time frame ordered by Judge Cohen at the calender call on December 5th."

Exhibit 3 is a copy of the decision entered January 11, 1989 in the United States Tax Court in the case *Midwest Sports Medicine, Orthopedic Surgery, Inc. v. Commissioner of Internal Revenue*, Docket No. 35519–87. The decision again tracks directly the stipulation of settlement filed in the tax court on December 5, 1988 and reflected in Exhibit 2 incorporating the result of the partially allowed and partially disallowed corporate expenses recited in Exhibit 1. The defendant has not challenged the contents of any of these exhibits.

As previously noted, this issue is before the court in connection with a motion for summary judgment (Bankr.R. 7056). It is settled law that an important objective served by summary judgment is the elimination of the expense and delay of unnecessary trials. As the Supreme Court has stated, "[o]ne of the principle purposes of the Summary Judgment Rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). (footnote omitted) *See also, A.I. Root v. Computer Dynamics, Inc.*, 806 F.2d 673, 675 (6th Cir.1986); *Turner v. United States*, 553 F.Supp. 347, 349 (W.D.Va.1982); *In re Warner*, 65 B.R. 512, 516–518 (Bankr.S.D. Ohio 1986). The issue presented in the

**150**

plaintiffs' Motion For Partial Summary Judgment is appropriate for determination at this stage in this proceeding.

A brief general discussion of preclusion concepts is appropriate. As this court noted in *Matter of Wintrow*, 57 B.R. 695, 698 (Bankr.S.D.Ohio 1986):

> The competing principles of the receipt of relevant evidence and judicial economy receive a resolution in current concepts of preclusion. The words res judicata have been encumbered with a variety of meanings which have been used in a variety of contexts, with the result that rather than adding clarity to discussions, the words have increased confusion. Accordingly, an attempt has been made in recent court decisions to retain the concepts but retire the usage of the words res judicata and instead use the words claim preclusion and issue preclusion.
>
> In an attempt to clarify the varying terminology that has developed in this area and to continue a consistent use of terminology regarding the doctrine of preclusion, this court shall use the term claim preclusion to refer to the effect of a prior judgment in precluding presentation of all matters that could have been litigated in an earlier suit, whether such matters were litigated or not, and issue preclusion to refer to the effect of a prior judgment in precluding presentation of matters that were actually litigated and decided in an earlier suit. See also 18 C. Wright A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4402 (1981).
>
> While the usage of the terms claim preclusion and issue preclusion may be helpful in present and future clarification of the doctrine of preclusion, prior cases (citations omitted) did not use preclusion language, but rather used the terms res judicata and collateral estoppel and this variance in terminology must be kept in mind in analyzing such opinions. (footnote omitted)

*See also, Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984).

Although preclusion concepts are generally applicable in all judicial proceedings, courts have often limited their application in Federal tax cases. *See generally*, 1 B. Moore's Fed. Practice ¶ 0.422 Fed. Tax Judgments, *Tait v. Western Maryland Railroad Company*, 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405 (1933), *Comm'r. v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *United States v. International Building Company*, 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953).

Additionally, courts are divided on the applicability of preclusion concepts in a subsequent proceeding when the result in the prior proceeding was premised on an agreed resolution. *Compare Boulez v. C.I.R.*, 810 F.2d 209 (D.C.Cir.1987)—denying the application of preclusion concepts to an agreed resolution of a tax dispute with *Reynolds v. C.I.R.*, 861 F.2d 469 (6th Cir.1988)—allowing the application of preclusion concepts to an agreed resolution of a tax dispute.

This court begins the analysis of the issue in this proceeding with the determination that preclusion concepts, whether denominated claim preclusion, issue preclusion, or judicial estoppel are applicable in cases involving Federal tax issues. The court further determines that these concepts of preclusion are neither automatically applicable, nor automatically inapplicable in the subsequent resolution of a Federal Tax issue solely because a previous determination is based on an agreed resolution, whether denominated a stipulation, consent judgment, settlement agreement or similar term. *U.S. v. Asmar*, 827 F.2d 907, 911–912 (3rd Cir.1987); *Reynolds* at 472–473; *Multistate Communications, Inc. v. United States*, 648 F.Supp. 1203, 1207 (S.D.N.Y. 1986); *United States v. Mock*, 604 F.2d 341, 345–346 (5th Cir.1979); *Sparks Nugget, Inc. v. C.I.R.*, 458 F.2d 631, 639 (9th Cir.1972).

The court notes that the defendant has urged the position that preclusion concepts based on agreed resolutions are applicable in Federal Income Tax cases.

Certainly the United States Tax Court was in this case a court of competent

jurisdiction, it entered a final judgment, and that judgment ruled on the merits of the cause. *Nor is it of any consequence that the tax court decision was entered pursuant to a stipulation of the parties for such a decision has a full res adjudicata effect.* (citations omitted), *As the defendant has observed in its brief* this action is closely a kin to that in *Sylk v. United States,* 331 F.Supp. 661 (E.D.Pa. 1971)... The *Sylk* court ruled that it was without jurisdiction to entertain the suit under the Anti–Injunction Act, *Id.* 663, but notes as an alternative ground that even if it had jurisdiction, the judgment of the United States Tax Court was *res adjudicata* as to any subsequent proceedings involving the issue of tax liability for the years in question, *Id.* at 666. *Turner v. United States* at 350. (emphasis supplied)

The court has reviewed the citations of authority contained in the Defendant's Memorandum In Opposition To The Plaintiffs' Motion For Summary Judgment; however, the court does not find present in this proceeding the factors which have led other courts to conclude that preclusive effect should not be given to a prior determination involving Federal tax liability. This proceeding is not similar to *Annaco, Inc. v. Hodel,* 675 F.Supp. 1052, 1058 (E.D. Ky.1987) since the settlement agreement in that case "was an administrative action, rather than a final judgment by a court of law". Additionally, unlike the factual situation in *United States v. International Building Company,* 345 U.S. 502, 73 S.Ct. at 807, 97 L.Ed. 1182 (1953) which involved different tax years, the tax years in this proceeding are precisely the same tax years as the prior tax court case. Further, unlike *Anderson, Clayton and Co. v. United States,* 562 F.2d 972, 992–993 (5th Cir.1977) the issues in the prior tax court case were not decided "under unique circumstances", nor would granting preclusive effect to the prior tax court decision "blatantly offend the policy of tax uniformity". Also, unlike *Boulez,* this proceeding does not represent an attempt to apply preclusion concepts based on an oral compromise agreement entered into by a person not authorized to act on behalf of the defendant.

The court finds there are sufficient factors present in this proceeding to grant preclusive effect to the decision of the tax court. Specifically, the court determines that, following an examination of the corporation's tax returns for the tax years ending December 31, 1983 and December 31, 1984, the defendant issued a Statutory Notice Of Tax Deficiency. The court further finds that, following an audit, the defendant's agent prepared specific determinations concerning the partial allowance and the partial disallowance of certain items designated (A) Other Expenses, (B) Repairs and (C) Employment Benefit Programs. The court further finds that these partially allowed and partially disallowed claimed expenses of the corporation were detailed in a stipulation of settlement that was signed by counsel for the plaintiffs and counsel for the defendant. Further, in addition to the written determination by the defendant's agent, and the signed stipulation by the defendant's counsel, these specific determinations were presented to the United States Tax Court and adopted by the court in a decision entered on January 11, 1989 in Docket No. 35519–87 *Midwest Sports Medicine And Orthopedic Surgery, Inc. v. Commissioner Of Internal Revenue Service.*

The court agrees with and adopts the line of cases which consistently hold that agreed resolutions embodied in judicial determinations are more than mere contracts involving only the parties. As Justice Cordozo observed, "We reject the argument .. that a decree entered upon consent is to be treated as a contract and not as judicial act". *United States v. Swift & Co.,* 286 U.S. 106, 115, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932). Similarly, the Sixth Circuit noted "[e]ven though the degree of judicial involvement is different between a consent decree and a litigated result, we are not prepared to find that judicial involvement in a consent decree is so inconsequential as to justify different treatment (citation omitted). *Schlegel Mfg. Co. v. USM Corp.,* 525 F.2d 775, 775–780 (6th Cir.

1975), *cert. denied,* 425 U.S. 912, 96 S.Ct. 1509, 47 L.Ed.2d 763 (1976). The court further agrees with and adopts that line of cases which generally recognize that preclusion concepts apply not only when the parties in a subsequent proceeding are identical to the parties in a prior proceeding, but preclusion concepts also apply to nonparties whose legal rights and obligations are intrinsically intertwined and dependant upon the results obtained in the prior proceeding. A representative decision expressing this concept of privity states, "..., [i]t is well established that one interest sufficient to bring a nonparty within the ambit of res judicata is a legal duty, right, or interest dependent wholly or in part on the outcome of a law suit. *Moore,* Fed.P. 1B ¶ 0.411(6)." *Vulcan, Inc. v. Fordees Corp.,* 658 F.2d 1106, 1110 (6th Cir. 1981). The court also agrees with and adopts that line of cases which specifically applies preclusion concepts to Federal tax cases involving agreed resolutions, *Turner* at 350, *Reynolds* at 469 and finds privity between a controlling shareholder and a closely held corporation when the shareholder was not a party in the prior tax court determination of corporate tax liability. *Sparks Nugget, Inc.* at 639.

■ The court is persuaded that the tax court case resulted in an actual and necessary determination of the issue which the plaintiffs argue is now precluded from relitigation in this proceeding. The defendant engaged in a several step process involving an initial determination of allowed corporate expenses, followed by a subsequent audit, followed by a detailed and specific written adjustment by an authorized agent, followed by a written stipulation containing those same adjustments signed by counsel and filed with the United States Tax Court, followed by a separately entered decision of the United States Tax Court, again, containing those same adjustments. This court determines that such an extensive procedure involving several different entities, including the United States Tax Court, each adopting such specific determinations of tax liability must be accorded preclusive effect in this proceeding.

A clear consequence of the tax court case is that certain specific amounts have been judicially determined by the United States Tax Court to be allowed corporate expenses. These specific amounts are now precluded from being determined by this court to be constructive dividends to the plaintiff. As the Sixth Circuit has recently noted, "There has been no claim here that the I.R.S. was not fully conversant with all the pertinent facts at the time of the stipulation with Mrs. Reynolds, and we can perceive no reason why the I.R.S. should be allowed knowingly to take a position in one judicial proceeding, secure final judicial acceptance of that position, and then knowingly attempt to persuade a different court to accept a fundamentally inconsistent position". *Reynolds* at 469. *Accord Dallas Ceramic Co. v. United States,* 598 F.2d 1382, 1391 (5th Cir.1979), *Kuper v. C.I.R.,* 533 F.2d 152, 162 (5th Cir.1976).

Accordingly, the Plaintiffs' Motion For Partial Summary Judgment is GRANTED and the total amount of constructive dividends which the defendant may assert against the plaintiffs in this proceeding is limited to sixty five thousand, four hundred ninety-six dollars ($65,496.00) for the taxable year 1983 and eighty five thousand, six hundred thirty-eight dollars ($85,638.00) for the taxable year 1984.

An order in accordance with this decision is simultaneously entered.

SO ORDERED.