**Madge H. EDWARDS, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Civ.A. No. 91–0010–D.**

United States District Court,
W.D. Virginia,
Danville Division.

Aug. 20, 1991.

D. French Slaughter, III, J. Brian Jackson, McGuire, Woods, Battle & Boothe, Charlottesville, Va., for plaintiff.

Arenda L.W. Allen, Asst. U.S. Atty., Roanoke, Va., Beverly A. Moses, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

KISER, District Judge.

This is a case arising under the federal income tax laws in which the plaintiff seeks a refund a taxes paid for tax year 1980. The government contends that the plaintiff is barred from a seeking a refund by the doctrine of *res judicata*. Oral argument on the government's motion for summary judgment was heard on July 29, 1991, and the case is now ripe for disposition. For the reasons set forth below, I agree with the government and therefore must grant the motion for summary judgment and dismiss the case.

## DISCUSSION

The facts in this action are uncontested. The plaintiff and her ex-husband, Charles Edwards, filed a joint income tax return for 1980. After an audit, the IRS determined on October 14, 1988 that the return had been deficient in the amount of $80,178.24.

The plaintiff joined in her ex-husband's petition before the Tax Court for a redetermination of the deficiency on January 11, 1989. Ultimately, the parties settled their case in the Tax Court and agreed to set the deficiency at $42,965.24. The Tax Court entered an order to that effect on August 28, 1989. *Edwards v. Commissioner*, Docket No. 1034–89 (T.C. August 28, 1989). In May of 1990, the plaintiff paid the full amount which, with interest and penalties, totalled $124,672.08. The plaintiff filed a timely claim for refund on the ground that she was an innocent spouse, 26 U.S.C. § 6013(e). After waiting six months with no response, this suit was filed.[1]

The government argues that the order entered by the Tax Court was a final judgment as to the plaintiff's 1980 tax liability. *Res judicata* bars the plaintiff from raising in this court any potential defenses to liability for the 1980 tax year. *Turner v. United States*, 553 F.Supp. 347 (W.D.Va. 1982). The plaintiff argues that she did not assert the innocent spouse defense in the Tax Court because she was relying on a 1985 letter signed by her ex-husband in which he agreed to accept sole responsibility for any tax deficiencies, including interest and penalties, arising from the 1980 tax year. However, since the Tax Court proceedings, Charles Edwards has apparently filed bankruptcy. Therefore, the plaintiff argues that there has been a material change of circumstances and that she should now be able to present the defense.

Here, as in *Turner*, the plaintiff is seeking to relitigate tax liabilities that have already been decided by the Tax Court. *Res judicata*, as the government argues, prevents the plaintiff from doing so:

> when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but

1. As an alternative ground for relief, the complaint alleges that plaintiff is entitled to a bad debt deduction for the full amount paid since her husband had agreed to accept sole responsibility for tax year 1980, yet due to his 1990 personal bankruptcy, that promised indemnity has become worthless. At oral argument, plaintiff's counsel indicated that she was no longer relying on this ground.

as to any other admissible matter which might have been offered for that purpose."

*Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) (citing *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed 195 (1876)). The judgment rendered by the Tax Court is a final adjudication of the plaintiff's tax liabilities for 1980. If there were defenses available to the plaintiff, she should have raised them in that court. I am barred from reconsidering the claim.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

### ORDER

On July 29, 1991, came the parties by counsel on the defendant's motion for summary judgment. For the reasons stated in the Memorandum Opinion filed contemporaneously herewith, it is hereby ADJUDGED and ORDERED that the defendant's motion is GRANTED. This action is DISMISSED with prejudice.

The Clerk is directed to STRIKE this case from the Court's active docket and to send certified copies of this Order to all counsel of record.